PATMON AND YOUNG PROFESSIONAL CORPORATION, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Patmon & Young Professional Corp. v. Commissioner
Docket No. 14588-91
United States Tax Court
T.C. Memo 1993-143; 1993 Tax Ct. Memo LEXIS 135; 65 T.C.M. (CCH) 2307; April 5, 1993, Filed *135 Respondent mailed a notice of deficiency to petitioner's post office box, whereupon petitioner refused delivery. The petition herein was not timely filed. Petitioner seeks dismissal on the ground that respondent failed to satisfy the notice requirement of sec. 6212, I.R.C., rendering her notice of deficiency invalid. Respondent argues to the contrary and seeks dismissal on the ground that petitioner failed to timely file its petition. Held: Petitioner may not defeat actual notice of the deficiency determination by refusing delivery. Without regard to whether respondent mailed the notice of deficiency to petitioner's "last known address", respondent satisfies the notice requirement of sec. 6212, I.R.C. Accordingly, respondent's notice of deficiency, which was not otherwise challenged, is valid. Held, further, because the petition herein was not timely filed, we will dismiss in favor of respondent. For petitioner: Hallison H. Young. For respondent: Lynn M. Brimer. HALPERN
HALPERN
MEMORANDUM FINDINGS OF FACT AND OPINION HALPERN, Judge: Respondent determined deficiencies in petitioner's Federal income taxes and additions to tax as follows: Additions to Tax
Year Ended
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)
Sept. 30, 1977
$ 75,311
$ 18,827.75
$ 3,765.55
Sept. 30, 1978
69,180
17,295.00
4,459.00
*136 Before us are cross-motions to dismiss for lack of jurisdiction. Petitioner has moved for dismissal in its favor on the ground that respondent's notice of deficiency is invalid on account of its having been mailed to the wrong address. Respondent has moved for dismissal in her favor on the grounds that (1) her notice was not invalid as petitioner argues and (2) the petition in this case was not timely filed. A hearing was held with respect to these motions on February 26, 1992. For reasons that follow, we will grant respondent's motion and deny petitioner's. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts filed by the parties and attached exhibits are incorporated herein by this reference. Petitioner was a professional corporation located in Detroit, Michigan, at the time the petition herein was filed. On March 3, 1989, respondent mailed notices of deficiency to petitioner at two separate addresses: Post Office Box 315189, *137 Detroit, Michigan 48231 (the post office box) and 3770 Penobscot Building, Detroit, Michigan 48226 (the Penobscot address). The Internal Revenue Service (the Service) discovered the post office box during the course of investigating petitioner's tax liabilities. The Penobscot address is the address indicated on petitioner's Form 1120, U.S. Corporation Income Tax Return, for the taxable year ended September 30, 1978. On or before May 5, 1987, petitioner moved to 1311 E. Jefferson, Detroit, Michigan, 48207 (the East Jefferson address). As of March 3, 1989, petitioner no longer conducted business at the East Jefferson address. United States Postal Service records obtained by the Service during its investigation of petitioner demonstrate that, on March 6, 1985, W.J. Bronson opened the post office box on behalf of petitioner. From March 1985 to the date of the hearing in this case (February 26, 1992) the post office box has been open in the name of petitioner. Both Frederick A. Patmon and Hallison H. Young, the sole shareholders of petitioner, received mail at the post office box prior to and during 1989. The deficiency notice addressed to the Penobscot address was returned to *138 the Service as undeliverable because petitioner no longer was located there and the forwarding order had expired 1 year prior to the attempted delivery. The deficiency notice address to the post office box also was returned to the Service, but for different reasons. That notice was returned to the Service because it was purposefully "unclaimed and refused" by the addressee. The petition herein was filed on July 8, 1991. OPINION In order to properly invoke the jurisdiction of this Court, a taxpayer must file a petition within 90 days after the mailing of the notice of deficiency (150 days if the notice is addressed to a person outside of the United States). Sec. 6213(a). Inasmuch as the notice of deficiency was mailed on March 3, 1989, to a person within the United States, the last day of the 90-day period was June 1, 1989. [1] The petition herein was filed on July 8, 1991, well after the close of the 90-day period prescribed by section 6213(a). The petition, therefore, is untimely and we must dismiss for lack of jurisdiction. In whose favor we must dismiss, however, is the question we here decide. *139 Notwithstanding the untimely petition, petitioner asks us to dismiss in its favor on the ground that the notice of deficiency was invalid because it was mailed to the wrong address. See sec. 6212. If that is true, then we must dismiss in petitioner's favor on that ground, e.g., Weinroth v. Commissioner, 74 T.C. 430, 435 (1980); if that is untrue, as respondent argues, then we must dismiss in respondent's favor on account of petitioner's failure to timely file the petition herein. Id. at 434-435. Accordingly, the validity of respondent's notice is dispositive. Is Respondent's Notice Valid?
Section 6212(a) provides that a notice of deficiency, to be valid, must be sent to the taxpayer. There sometimes arises a question, however, as to whether the address to which the Commissioner has mailed the notice is sufficient to satisfy the requirement imposed by section 6212. In dealing with questions of this nature, we have emphasized that the purpose of section 6212 is "to afford a taxpayer notice of the Commissioner's determination and an opportunity to litigate the validity of such determination in this Court without *140 first paying the claimed deficiency." Mulvania v. Commissioner, 81 T.C. 65, 67 (1983). [2]
That purpose, obviously, is accomplished when the taxpayer receives actual notice of the deficiency determination in time to file a petition in this Court, without regard to whether the taxpayer resides at the address to which the notice was sent. E.g., Goodman v. Commissioner, 71 T.C. 974, 977 (1979). Thus, when the taxpayer receives such actual notice, the notice requirement necessarily is satisfied. E.g., id. Where actual notice is not provided to the taxpayer, it still is possible for respondent to satisfy the notice requirement, because a safe harbor exists where the notice of deficiency is mailed to the taxpayer's "last known address".[3]
*141 The taxpayer's last known address "is the address to which, in light of all the surrounding facts and circumstances, the respondent reasonably believed the taxpayer wished the notice to be sent." Weinroth v. Commissioner, supra at 435. The logic underlying the "last known address" provision is that respondent, by diligently attempting to locate the taxpayer, has fulfilled the obligation imposed by section 6212. "Because of the proclivity of taxpayers to move without notifying the Commissioner of their new addresses, the burden is on the taxpayer to provide the Commissioner with clear and concise notification of the new address." Id. To analogize to tort principles, respondent has a duty to make reasonable efforts to provide the taxpayer with notice of the deficiency: that duty is satisfied (as opposed to "breached") when respondent mails the notice to the taxpayer's "last known address".[4]
*142 Accordingly, we must consider whether (1) petitioner received actual notice, or (2) respondent mailed the notice to petitioner's "last known address", as that term of art is used in section 6212(b)(1). If we answer either question in the affirmative, then respondent's notice of deficiency, on account of having complied with the notice requirement of section 6212 (and the lack of any additional objections), will be deemed valid and we must dismiss in favor of respondent. Weinroth v. Commissioner, supra at 434-435. If we answer both questions in the negative, then respondent's notice of deficiency is invalid and we must dismiss in favor of petitioner. Id. at 435. Did Petitioner Receive Actual Notice?
We hold that petitioner did receive actual notice of the deficiency determination at issue in time to file a petition with this Court. Counsel for petitioner stated at the hearing that the post office box belonged to petitioner and that the deficiency notice was refused. THE COURT: * * * Mr. Young, stop me if I'm wrong; it's going on the record. That was Patmon & Young's P.O. Box. They paid for it. Whether *143 they got mail there or not, I don't know, and I don't think anybody knows. We -- we do have a stipulated -- this one envelope [containing the notice of deficiency at issue] was delivered there, not accepted, and in fact, refused. I mean, nobody's arguing with that. Right, Mr. Young? MR. YOUNG: That's correct. [5]
Petitioner has declined, however, to concede that it actually received *144 mail at the post office box on or about March 3, 1989. We do not perceive this as fatal to respondent. As stated above, United States Postal Service records demonstrate that on March 6, 1985, W.J. Bronson opened the post office box on behalf of petitioner. From March 1985 to the date of the hearing in this case (February 26, 1992) the post office box has remained open in petitioner's name. Moreover, as we stated above (and as the stipulations establish), both Frederick A. Patmon and Hallison H. Young, petitioner's sole shareholders, received mail at the post office box prior to and during 1989. Absent some evidence to the contrary, which petitioner has failed to provide, we are persuaded that petitioner received mail at the post office box on or about March 3, 1989, and that it was petitioner who refused the deficiency notice. See Rule 142(a). Petitioner may not defeat actual notice by refusing delivery of respondent's deficiency notice. Notwithstanding petitioner's refusal, the otherwise-complete delivery of the deficiency notice, which was mailed to petitioner's post office box on March 3, 1989, was sufficient to put petitioner on actual notice of respondent's deficiency *145 determinations and therefore satisfies section 6212. The absurdity of holding otherwise is apparent: permitting petitioner to defeat actual notice by refusing delivery would be tantamount to holding that a taxpayer may defeat actual notice at will -- by the simple expedient of "sticking her head in the sand" so as to avoid the unwanted knowledge. Thus, if that were the rule, a taxpayer who is personally handed the notice of deficiency might avoid actual notice by simply declining to read it. Obviously, that is not the rule. Once respondent places the deficiency notice within the taxpayer's grasp, she satisfies the requirement of section 6212; if the taxpayer turns a blind eye to that information, she does so at her own peril. [6]
*146 Because petitioner received actual notice, respondent's deficiency notice is not invalid on account of failing to satisfy section 6212. There being no other objections to the validity of the deficiency notice, we find that notice to be valid. Accordingly, we will deny petitioner's motion to dismiss for lack of jurisdiction and grant respondent's motion to dismiss for lack of jurisdiction for the reasons described above. An appropriate order will be entered. Footnotes
1. Saturdays, Sundays, and legal holidays within the District of Columbia will not count as "last days", sec. 6213(a), but June 1, 1989, was none of those and that exception, therefore, does not apply.↩
2. For convenience, we hereinafter will sometimes refer to the requirement imposed by sec. 6212↩ as the notice requirement.
3. "[The] notice of a deficiency * * * if mailed to the taxpayer at his last known address, shall be sufficient". Sec. 6212(b)(1)↩.
4. The actual notice rule discussed above also is consistent with tort principles. Where the taxpayer receives actual notice of the deficiency determination (in sufficient time to file a petition), notwithstanding any "breach" by respondent of her duty under the notice provision, the taxpayer is not harmed (suffers no "damages") and therefore is without recourse against the Service.↩
5. We do not mean to suggest that petitioner's counsel "gave away the store". Indeed, those concessions are independently established by the record. Nonetheless, petitioner contends in its Reply Memorandum (in response to respondent's Motion to Dismiss for Lack of Jurisdiction) that the deficiency notice was not refused. Petitioner's Reply Memorandum fails to address either the concession made by its counsel on the record or much of the other evidence in the record supporting the above. We find petitioner's Reply Memorandum unpersuasive. See also Rule 143(b) ("Ex parte * * * statements in briefs * * * do not constitute evidence").↩
6. This result is bolstered by a resumption of our analogy to tort principles. Notwithstanding any breach by respondent of her duty to make reasonable efforts to locate the taxpayer, and also notwithstanding any damages to the taxpayer on account of failing to timely file a petition, the Service nonetheless is not the proper party to be held accountable. Under tort principles, another necessary element of tort liability is "proximate cause". Where the taxpayer refuses service, that refusal, and not an incorrect address, is the proximate cause of the taxpayer's ills. See Zikria v. Williams, 535 F. Supp. 481, 485↩ (W.D. Pa. 1982).