T.C. Memo. 1997-104

UNITED STATES TAX COURT

ANTHONY SICARI AND ESTHER SICARI, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11761-95.                    Filed March 3, 1997.

Richard L. Herzfeld and Cris Alcamo, for petitioners.

Wendy S. Sands, Paul L. Darcy, and Theodore R. Leighton, for
respondent.


MEMORANDUM OPINION

DAWSON, Judge:  This case was assigned to Special Trial
Judge Norman H. Wolfe pursuant to the provisions of section
7443A(b)(4) and Rules 180, 181, and 183.  All section references
are to the Internal Revenue Code in effect for the tax years in

issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure. The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

## OPINION OF THE SPECIAL TRIAL JUDGE

WOLFE, Special Trial Judge: This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction. Respondent's position is that petitioners did not file their petition within the time prescribed in section 6213(a) or section 7502. Petitioners object to respondent's motion and contend that respondent failed to issue a valid notice of deficiency under section 6212. Petitioners argue that the notice in question was not mailed to their last known address. A hearing was held on respondent's motion.

## Background

Some of the facts have been stipulated and are so found. The stipulated facts and attached exhibits are incorporated by this reference. Petitioners resided in Gardiner, New York, when their petition was filed.

On October 9, 1992, the Office of the District Director, Internal Revenue Service (IRS), Albany, New York, sent to petitioners by certified mail a notice of deficiency addressed as follows: "Mr. Anthony Sicari and Mrs. Esther Sicari, Route 208, Gardiner, New York 12525". In the notice of deficiency,

- 3 -

respondent determined deficiencies in and additions to petitioners' Federal income taxes as follows:

|  |  | Additions to Tax | | | | |
|---|---|---|---|---|---|---|
| Year | Deficiency | Sec. 6653(a)(1) | Sec. 6653(a)(2) | Sec. 6661 | Sec. 6653(a)(1)(A) | Sec. 6653(a)(1)(B) |
| 1983 | $99,613 | $4,981 | [1] | $24,903 | -- | -- |
| 1984 | 38,967 | 1,948 | [1] | 9,742 | -- | -- |
| 1985 | 30,124 | 1,506 | [1] | 7,531 | -- | -- |
| 1986 | 42,014 | -- | -- | 10,503.50 | $2,101 | [1] |

[1] 50 percent of the interest due on the deficiencies.

On November 10, 1992, the notice of deficiency was returned to the Examination Support and Processing unit of the Albany District Office. The envelope bore a "Return to Sender" stamp-mark in red ink, and the "REASON CHECKED" for return was "Unclaimed".[1] Also, the words "Return unclaimed" had been handwritten at the top of the envelope by Marianne Walker (Walker), the Postmaster for Gardiner, New York. Another stamp-mark on the envelope listed "Name", "1st Notice", "2d Notice", and "Return". The dates "9-24", "10-16", and "10-19" had been handwritten next to "1st Notice", "2nd Notice" and "Return", respectively.

Petitioners have resided in the same house in Gardiner, New York, since approximately 1976. In each of the years 1991 and

[1]     "Unclaimed" was one of the options listed on the envelope as available to explain why the letter was being "Returned to Sender". The other options were:  "Refused"; "Attempted-Not Known"; "Insufficient Address"; "No such street [or] number"; "No such office in state"; and "Do not remail in this envelope". None of these other options had been checked off.

1992 their mailing address was modified by the U.S. Postal Service.  Before 1991, petitioners' mailing address was Route 208, Gardiner, NY 12525 (hereinafter the Route 208 address). Sometime during January 1991, petitioners were assigned a rural box number, and their officially preferred mailing address became Route 208, Box 1370, Gardiner, NY 12525 (hereinafter the Box 1370 address).  The rural box number assigned to petitioners was somewhat like a house number; it did not refer to a post office box requiring a key.  Beginning no later than January 1, 1992, in order to accommodate implementation of an E-911 Emergency Notification System, petitioners' rural box number was replaced with a house number, and their officially preferred mailing address became 871 Route 208, Gardiner, NY 12525 (hereinafter the 871 address).

Early in 1992, Walker issued notices to Gardiner Postal Service customers explaining that, although the Postal Service "has accepted your newly assigned house number as your permanent mailing address", regardless of the change, the Postal Service would "continue to deliver all mail without interruption for a period of one (1) year".  The notice further advised customers that forms for notifying correspondents and publishers of an address change were available at the Gardiner Post Office. During 1992 and up until the time of trial, the Gardiner Post Office delivered mail to customers even if it was addressed to the old rural box number and not to the addressee's house number.

Petitioners jointly filed a Form 1040, U.S. Individual Income Tax Return, for each of the years 1983 through 1986. On May 14, 1991, petitioners filed a Form 1040-X, Amended U.S. Individual Income Tax Return, for taxable year 1986. On their 1983 and 1984 returns, petitioners listed their address as Route 508, Gardiner, NY 12525. On their 1985 and 1986 returns, and on their 1986 amended return, petitioners listed their address as the Route 208 address. The record does not include petitioners' tax returns for the years 1987 through 1990. Prior to issuance of the notice of deficiency in this case, respondent had not yet received petitioners' returns for 1990 and 1991. Petitioners did not file a tax return for 1991 until 1995.

On June 9, 1992, petitioner Anthony Sicari (Sicari) filed a voluntary petition in bankruptcy with the U.S. Bankruptcy Court in the Southern District of New York. In his bankruptcy petition, Sicari listed his name and address as "Anthony Sicari a/k/a Anthony Salerno, Route 208, Box 1370, Gardiner, NY 12525." The Special Procedures function of the Collection Division of the Albany District Office of the IRS received notice of the bankruptcy proceedings. Special Procedures files proofs of claim and establishes and maintains case files for bankruptcy proceedings, inter alia. Using the information in the bankruptcy petition, Special Procedures created a file on Sicari on its computer database, the Automated Insolvency System (AIS). Special Procedures mailed to petitioners two letters, each dated

June 30, 1992, explaining Sicari's obligations for filing Federal tax returns, paying taxes, and paying Federal tax claims. Each letter listed Sicari's name and address as it appeared on his bankruptcy petition. On September 25, 1992, Special Procedures filed with the Bankruptcy Court a Form 6338(C), Proof of Claim for Internal Revenue Taxes (Bankruptcy Code Cases). The Form 6338(C) listed Sicari's name and address as it appeared on his bankruptcy petition.

Internal Revenue Agent James Manico (Manico) reviewed the subject notice of deficiency for technical and procedural accuracy before it was issued. Manico has been a senior reviewer for the Quality Measurement Staff in the Albany District Office since August 1981. In order to determine petitioners' last known address, Manico reviewed petitioners' administrative file and instructed the statutory notice clerk in Albany to run a computer search. Nothing in petitioners' administrative file alerted Manico to an address change. On August 21, 1992, the statutory notice clerk searched two different IRS computer databases, known as the INOLE and the ENMOD, to ascertain petitioners' last known address. The results of these two searches indicated that petitioners' address was the Route 208 address, based on petitioners' 1988 and 1989 returns. A subsequent search of the INOLE database, conducted on October 1, 1992, indicated no change in address.

The Town of Gardiner had three postal routes and three letter carriers in 1992. Theresa Williams (Williams) has been the letter carrier for the postal route including Route 208 and the Sicari residence since approximately 1990. She worked throughout the month of October 1992 without missing a day for sick leave or vacation. During 1992, if certified mail was addressed to petitioners at the Route 208 address, Williams would deliver it to petitioners. Articles of mail marked with the Route 208 address did not need a rural box number designation for Williams to deliver them to petitioners in 1992. In accordance with the U.S. Postal Service Domestic Mail Manual (DMM), any records of the certified mail delivery maintained by the Gardiner Post Office were destroyed after 2 years.

Petitioners never sent notice to respondent specifically informing her that the address on their most recent return no longer should be used or that they wanted a different address to be used for tax purposes.

Discussion

The jurisdiction of this Court is governed by statute. Sec. 7442. A valid notice of deficiency and a timely filed petition are essential to our deficiency jurisdiction. Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Abeles v. Commissioner, 91 T.C. 1019, 1025 (1988). Under section 6212, a notice of deficiency is sufficient if it is mailed to the taxpayer's last known address by certified or registered mail.

Sec. 6212(a) and (b). Actual receipt of the notice by the taxpayer is not required. A notice is valid if it is mailed to the taxpayer's last known address. Tadros v. Commissioner, 763 F.2d 89, 92 (2d Cir. 1985). Even if the notice is mailed to the wrong address, it will be valid if the taxpayer receives actual notice of the deficiency and is not unduly prejudiced in timely filing his or her petition. Frieling v. Commissioner, 81 T.C. 42, 53 (1983).

Respondent's motion to dismiss is based on the ground that the petition was not filed timely. This Court will not dismiss the petition as untimely unless respondent first establishes that she mailed a notice of deficiency to petitioners and proves the date on which the notice was mailed. Pietanza v. Commissioner, 92 T.C. 729, 736 (1989), affd. without published opinion 935 F.2d 1282 (3d Cir. 1991).

The record here includes the notice that was attached to the petition, the envelope in which the notice was mailed, and copies of two U.S. Postal Service Forms 3877 (For Registered, Insured, C.O.D., Certified, and Express Mail) stapled together, with an October 9, 1992, postmark date. The first page of the Forms 3877 notes that the list of taxpayers extends to both pages, and the first page is signed by the local Postmaster (per the receiving employee). The legend stamped at the top of each Form 3877 states: "Notices of Deficiency Have Been Sent to the Following Taxpayers for the Years Indicated". Petitioners' names and the

Route 208 address are on the second page.  A five-digit number, 30334, appears to the left of petitioners' names on the second page of the Forms 3877 and is also written on the envelope in which the notice was sent.  Based on this evidence, and the record as a whole, we hold that respondent has established that the subject notice of deficiency was mailed to petitioners on October 9, 1992.  See Magazine v. Commissioner, 89 T.C. 321, 324, 327 (1987).

Generally a taxpayer has 90 days after the mailing of a notice of deficiency to file a petition with this Court.  Sec. 6213(a); Monge v. Commissioner, supra at 27.  However, if the taxpayer is involved in bankruptcy proceedings, the debtor-taxpayer is prohibited from filing a petition with this Court while the bankruptcy case is pending.  11 U.S.C. sec. 362(a)(8) (1988).  Under section 6213(f)(1), the 90-day period is suspended for the time during which the debtor-taxpayer is prohibited by reason of the bankruptcy proceedings from filing a petition and for 60 days thereafter.  Although the Tax Court's jurisdiction is limited by 11 U.S.C. section 362(a)(8), the Commissioner is not prohibited from issuing a notice of deficiency during the pendency of a bankruptcy case.  11 U.S.C. sec. 362(b)(9) (1988); see Zimmerman v. Commissioner, 105 T.C. 220, 224-225 (1995).

Sicari filed for individual bankruptcy on June 9, 1992, 4 months before the notice of deficiency was mailed.  His bankruptcy case was dismissed on September 15, 1994.

Accordingly, the 90-day period began to run 60 days later, or on November 14, 1994, and a petition was required to be filed by February 13, 1995.[2]  Secs. 6212 and 6213(f)(1); 11 U.S.C. sec. 362(a)(8), (c)(2) (1988).  Petitioners did not file their joint petition until June 30, 1995.  Therefore, given a valid notice of deficiency, the petition must be dismissed for lack of jurisdiction as untimely.  Secs. 6213(a), 7502; Rule 13(a), (c); see Pietanza v. Commissioner, supra at 735-736.  However, if we should find that jurisdiction is also lacking because respondent did not mail a valid notice of deficiency under section 6212, we would dismiss the case on that ground.  Pietanza v. Commissioner, supra at 736.

Petitioners argue that respondent's motion should be denied on the ground that the notice was not sent to their last known address.  They claim that the notice was not properly addressed to their residence due to the omission of the "Box 1370" designation from the address to which the notice was directed.[3]

Neither section 6212 nor the regulations thereunder define a taxpayer's "last known address".  Generally, a taxpayer's last known address is the address to which, in light of all

---

[2]     The 90-day period expired on Feb. 12, 1995.  That date was a Sunday.  Consequently, the last day for filing a petition was Feb. 13, 1995.  Sec. 6213(a).

[3]     Petitioners' officially preferred mailing address in 1992 was the 871 address.  As noted, however, the Gardiner Post Office notified its customers that during 1992 all mailpieces would be delivered without interruption.

surrounding facts and circumstances, the Commissioner reasonably believed the taxpayer wished the notice of deficiency to be sent. Monge v. Commissioner, supra at 27-28. A taxpayer's last known address is determined at the time the Commissioner mails the notice of deficiency, and the notice is valid even if the Commissioner later receives information showing that the taxpayer resides at a different address. See sec. 6212(b)(1); Monge v. Commissioner, supra at 33; Abeles v. Commissioner, supra at 1035.

In Abeles v. Commissioner, supra at 1035, we held that the Commissioner is entitled to treat the address shown on a taxpayer's most recent return as the taxpayer's last known address, absent clear and concise notification of an address change. When a taxpayer changes his address, the taxpayer must notify the Commissioner of the change or else accept the consequences. Alta Sierra Vista, Inc. v. Commissioner, 62 T.C. 367, 374 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976). To supplant the address on the most recent return, the taxpayer must clearly indicate that the former address is no longer to be used. Tadros v. Commissioner, 763 F.2d at 92; White v. Commissioner, T.C. Memo. 1990-528. However, if the Commissioner is notified of a change of address, she must exercise reasonable care and diligence in ascertaining the taxpayer's last known address. Abeles v. Commissioner, 91 T.C. at 1031. Whether the Commissioner has exercised reasonable care and diligence must be determined in light of the facts and

circumstances of each case.  <u>Alta Sierra Vista, Inc. v.</u> <u>Commissioner</u>, <u>supra</u> at 374.

Petitioners' amended return for 1986 was the most recent return filed by petitioners when the notice of deficiency was issued on October 9, 1992.  Respondent received that amended return on May 14, 1991.  On that return, petitioners listed their address as the Route 208 address, consistent with their 1986 Form 1040. Petitioners did not file their 1991 return until 1995.  The record does not contain copies of petitioners' 1987, 1988, 1989, or 1990 returns, and petitioners do not contend that those returns listed an address other than the Route 208 address. Printouts of the searches conducted on respondent's INOLE and ENMOD computer databases, dated August 21, 1992, and October 1, 1992, indicate that petitioners listed their address as the Route 208 address on their 1988 and 1989 returns.  On this record, we find that respondent mailed the subject notice of deficiency to the address shown on petitioners' most recent return.[4]

Petitioners argue that respondent knew that their address had changed since their most recent return.  Although petitioners admitted at trial that they did not notify respondent

---

[4]     The record does not disclose whether petitioners' 1986 amended return had been properly processed by the Albany District Office so that the address appearing on that return was available to respondent's agent who prepared the subject notice prior to its mailing.  As noted, however, respondent's computer records reflect that petitioners listed the Route 208 address on their 1988 and 1989 returns, and petitioners do not claim to have listed a different address on their 1990 return.

specifically that the address on their most recent return no longer should be used or that they wanted a different address to be used for tax purposes, they contend that respondent knew of their Box 1370 address by virtue of Sicari's bankruptcy petition, applications for extensions of time for filing their 1990 and 1991 returns, and a Form W-2 (Wage and Tax Statement) filed by their employer for taxable year 1991.

However, this Court has held that a different address on a bankruptcy cover sheet, a Form 4868 (Application for Automatic Extension of Time to File U.S. Individual Income Tax Return), a Form 2688 (Application for Additional Extension of Time to File U.S. Individual Income Tax Return), or on a Form W-2 is not clear and concise notification of a change of address.[5]  See Monge v. Commissioner, 93 T.C. 22 (1989) (different address on Forms 4868 and 2688); Ray v. Commissioner, T.C. Memo. 1995-438 (same); Roy

_____

[5]    Other documents in the record reflect the unreliability of such documents as notice of a change of petitioners' address. For example, in their petition to this Court, filed June 30, 1995, petitioners asserted that their "mailing and legal address [was] Route 208 Box 1370, Gardiner, New York 12525."  In another petition to this Court, filed in August 1993 and regarding a deficiency for 1989, petitioners asserted that their "mailing address and legal residence [was] Route 208, Gardiner, New York 12525-9808."  The parties also submitted into the record three Forms 2848, Power of Attorney and Declaration of Representative. Two were executed in 1995 and the other in 1993.  Each lists petitioners' address as the Route 208 address.  Also, a 1993 Form 1098, Mortgage Interest Statement, lists petitioners' address as the Box 1370 address.  All of these documents were prepared or filed after the 871 address had become officially preferred, subject to the local post office's announced policy and practice of delivering mail to the Route 208 address and corresponding prior addresses in the area.

v. Commissioner, T.C. Memo. 1992-559 (different address on a bankruptcy cover sheet); White v. Commissioner, supra (a Form W-2 reflecting a different address); see also Stein v. Commissioner, T.C. Memo. 1990-378.  In addition, based on our review of the record, and in particular Manico's testimony, we hold that respondent exercised reasonable care and diligence in ascertaining petitioners' last known address.  Petitioners' reliance upon cases in which respondent received a subsequently filed tax return and/or other clear and concise notice of an address change is misplaced.[6]

The testimony of employees at the Gardiner Post Office supports the view that in practice mail addressed to petitioners at the Route 208 address during 1992 was properly addressed to them, regardless of whether the address also referred to Box 1370 or house number 871.  Both the Postmaster for Gardiner during 1992, Walker, and the letter carrier responsible for delivering mail to petitioners in 1992, Williams, testified at trial.  Walker identified her handwriting at the top of the envelope in which the notice was mailed.  This identification satisfies us that the Gardiner Post Office handled the notice.  Walker also

---

[6]    In their posttrial brief, petitioners relied upon the following cases:  King v. Commissioner, 857 F.2d 676 (9th Cir. 1988), affg. 88 T.C. 1042 (1987); Cool Fuel, Inc. v. Connett, 685 F.2d 309 (9th Cir. 1982); McPartlin v. Commissioner, 653 F.2d 1185 (7th Cir. 1981); Crum v. Commissioner, 635 F.2d 895 (D.C. Cir. 1980); Pyo v. Commissioner, 83 T.C. 626 (1984); Weinroth v. Commissioner, 74 T.C. 430 (1980); Gibson v. United States, 761 F. Supp. 685 (C.D. Cal. 1991).

testified that mail addressed to petitioners at the Route 208 address would be given to the appropriate letter carrier, who in this case was Williams. Williams was explicit that during 1992, mail addressed to petitioners at the Route 208 address did not create confusion or make delivery uncertain or impossible. Mail so addressed was delivered to petitioners by Williams. Williams recalled working throughout October 1992 without missing a day for sick leave or vacation. At trial, we found Walker and Williams to be forthright and highly credible witnesses.

Petitioners also argue that the notice is invalid because respondent purportedly failed to send copies of it to petitioners' representatives in accordance with a Form 2848. Dated July 11, 1988, the Form 2848 authorized respondent to send to petitioners' designated representatives "copies of notices and other written communications addressed to the taxpayer(s) in proceedings involving" the years 1983 through 1987. It is not clear from the record whether copies of the notice of deficiency were sent to petitioners' representatives.[7] However, even if respondent did not send copies of the subject notice to petitioners' representatives, her failure to do so would not render the deficiency notice invalid. McDonald v. Commissioner,

[7] Manico did not know whether copies of the notice were sent to petitioners' designated representatives, and petitioners' representatives did not testify at trial. Documents in respondent's administrative file with respect to petitioners were inconclusive.

76 T.C. 750, 752-753 (1981); see also <u>Triangle Investors Ltd.</u> <u>Partnership v. Commissioner</u>, 95 T.C. 610, 616 (1990).

The extensive record in this case, including a total of 65 exhibits as well as the testimony of credible individuals employed by the Postal Service and by respondent, establishes that respondent mailed the subject notice of deficiency to the address on petitioners' most recent return.  Respondent was not given clear and concise notification of a change of address.  The addition of the rural box number to petitioners' mailing address was inconsequential, did not affect delivery of mail to petitioners, and was not a part of petitioners' address on their most recent tax return prior to the mailing of the notice of deficiency in issue.  We hold that the notice of deficiency with respect to petitioners' taxable years 1983 to 1986 was properly mailed by certified mail directed to petitioners' last known address on October 9, 1992.[8]

---

[8]    We have not stated our view as to whether petitioners actually received the notice in question, although the record includes evidence on that question, since it is plain that under the facts of this case, respondent has done all that the statute requires of her and was not required to guarantee the actual receipt of the properly addressed notice.  See <u>Monge v.</u> <u>Commissioner</u>, 93 T.C. 22, 34 (1989).  Petitioners' due process argument is without merit.  Although they cannot pursue their case in this Court, they are not without remedy.  Petitioners may pay the tax, file a claim for refund with the IRS, and if the claim is denied, sue for a refund in the appropriate Federal District Court or in the U.S. Court of Federal Claims.  See <u>Patmon & Young Professional Corp. v. Commissioner</u>, 55 F.3d 216, 218 (6th Cir. 1995), affg. T.C. Memo. 1993-143; <u>McCormick v.</u> <u>Commissioner</u>, 55 T.C. 138, 142 (1970).

Accordingly,

An order will be entered granting respondent's motion to dismiss for lack of jurisdiction.