T.C. Memo. 2000-209


UNITED STATES TAX COURT


JOHN L. & LISA K. ERICKSON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12436-99.                    Filed July 7, 2000.


<u>Todd R. Cannon</u>, for petitioners.

<u>Melinda G. Williams</u>, <u>Richard W. Kennedy</u>, and <u>Gregory M. Hahn</u>, for respondent.


MEMORANDUM OPINION

COHEN, <u>Judge</u>:  This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction on the ground that the petition was not filed within the 90-day period prescribed in section 6213(a).  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the

year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

On or about March 12, 1999, petitioners filed with the Internal Revenue Service (IRS) a Form 2848, Power of Attorney and Declaration of Representative, appointing Lanny R. White (White) as their attorney-in-fact regarding their Federal income tax liability for the taxable years 1995 and 1996. The Form 2848 listed petitioners' address as S. 6107 Lee Court, Spokane, Washington (the Spokane address), and White's address as 5295 S. Commerce Drive, Suite 310, Salt Lake City, Utah. Petitioners' signatures on the Form 2848 were dated December 16, 1998. (There is no explanation in the record for the delay in submitting the Form 2848 to the IRS.)

Paragraph 7 of the Form 2848 stated in pertinent part that "Original notices and other written communications will be sent to you and a copy to the first representative listed in line 2 unless you check one or more of the boxes below." Petitioners checked box 7a on the Form 2848 which stated that all original notices would be sent to petitioners' attorney-in-fact.

On April 8, 1999, respondent mailed a notice of deficiency to petitioners determining a deficiency in their Federal income tax for 1995 in the amount of $175,693.00 and an accuracy-related penalty pursuant to section 6662(a) in the amount of

$35,138.60.  The notice of deficiency included an explanation of the adjustments which stated that respondent had disregarded petitioners' "Personal Dental Trust" as a sham and increased petitioners' business income in an amount equivalent to the net income of the trust.

The notice of deficiency correctly stated that the last day to file a petition with the Tax Court was July 7, 1999. Respondent mailed the notice of deficiency to petitioners at the Spokane address.  Respondent did not mail a copy of the notice of deficiency to White.  Petitioners admit that they received the notice of deficiency on or about April 12, 1999. Petitioners did not attempt to contact White or take any other steps in response to the notice of deficiency.

White was aware that the 3-year period of limitations on assessments respecting petitioners' 1995 tax year was due to expire on April 15, 1999.  Although White was expecting to receive a copy of the notice of deficiency, he waited until early July to contact petitioners to ask whether they had received the notice.  When petitioners informed White that they had received the notice of deficiency but had misplaced it, White attempted to contact the revenue agent who had conducted petitioners' examination to obtain information regarding the notice.  He was told that the revenue agent was away from the

office. The revenue agent contacted White a week later and informed him that it was too late to file the petition.

The petition in this case, dated July 8, 1999, arrived at the Court on July 14, 1999, in an envelope bearing a United States Postal Service postmark date of July 8, 1999. At the time the petition was filed, petitioners resided in Spokane, Washington. The petition disputed "all" amounts in the notice of deficiency. In lieu of attaching a copy of the statutory notice, petitioners attached a statement that "We have requested a copy of the 'NOTICE OF DEFICIENCY' from the Internal Revenue Service. We will mail to the Court within 10 days."

Respondent filed a Motion to Dismiss for Lack of Jurisdiction asserting that the petition was not timely filed. Petitioners filed an objection to respondent's motion to dismiss asserting that the motion should be denied because respondent failed to mail the notice of deficiency to White.

This matter was called for hearing at the Court's motions session held in Washington, D.C., and for an evidentiary hearing in Spokane, Washington. Petitioner Lisa K. Erickson and White testified at the evidentiary hearing.

## Discussion

The Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. See Rule 13(a), (c); Monge v.

<u>Commissioner</u>, 93 T.C. 22, 27 (1989); <u>Normac, Inc. & Normac Intl. v. Commissioner</u>, 90 T.C. 142, 147 (1988). Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. It is sufficient for jurisdictional purposes if the Commissioner mails the notice of deficiency to the taxpayer's "last known address." Sec. 6212(b); <u>Frieling v. Commissioner</u>, 81 T.C. 42, 52 (1983). The taxpayer, in turn, has 90 days (or 150 days if the notice is addressed to a person outside of the United States) from the date the notice of deficiency is mailed to file a petition in this Court for a redetermination of the deficiency. See sec. 6213(a).

Respondent mailed the notice of deficiency in question to petitioners at the Spokane address on April 8, 1999. There is no dispute that the petition was mailed to the Court on July 8, 1999--a date 91 days after the notice of deficiency was mailed. In short, the petition was neither mailed nor filed prior to the expiration of the 90-day statutory period for filing a timely petition. See secs. 6213(a), 7502; Rule 13(a), (c); <u>Normac, Inc. v. Commissioner</u>, <u>supra</u>. Petitioners argue that a valid notice of deficiency was not sent.

Petitioners' position is summarized by the following excerpt from petitioners' supplemental statement under Rule 50(c):

> Petitioners have never disputed the fact that the Notice of Deficiency was sent to their residence address.  Petitioners' contention, however, is that a copy of the Notice should also have been sent to Mr. White pursuant to the Form 2848 filed with the IRS.  The prejudice and the delay comes from the fact that Petitioners' having filed a valid Form 2848 expected Mr. White to receive the Notice of Deficiency and therefore could not be expected to take their own steps to get a copy to him.  By the time it was discovered that Mr. White did not have a copy, Petitioners no longer had their copy either. Therefore, Petitioners and Mr. White attempted to obtain another copy and failing that attempted to remember the date for the 90 day filing deadline.

Respondent counters that the notice of deficiency is valid because petitioners received the notice shortly after it was mailed.

Normally, a taxpayer's last known address is the address shown on the taxpayer's most recently filed return, absent clear and concise notice of a change of address.  See Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988).  Where a taxpayer has executed a Form 2848 and elects to have the Commissioner send original notices and other written communications to the attorney-in-fact, we have held that a taxpayer's last known address is the address of his attorney-in-fact.  See Reddock v. Commissioner, 72 T.C. 21, 24 (1979); Maranto v. Commissioner, T.C. Memo. 1999-266.  However, respondent's failure to mail a

notice of deficiency to the taxpayer's attorney-in-fact does not necessarily render the notice invalid. An otherwise erroneously addressed notice of deficiency remains valid under section 6212(a) if the taxpayer actually receives the notice in sufficient time to permit the taxpayer, without prejudice, to file a timely petition for redetermination. See Looper v. Commissioner, 73 T.C. 690, 697 (1980); Payne v. Commissioner, T.C. Memo. 1992-22; see also Patmon & Young Professional Corp. v. Commissioner, 55 F.3d 216, 217 (6th Cir. 1995), affg. T.C. Memo. 1993-143.

In Looper v. Commissioner, supra at 699, we held that whether a taxpayer has been prejudiced by an improperly addressed notice of deficiency is a question of fact. We further held that the taxpayer's failure to file a timely petition, while bearing heavily on the question of prejudice, is only one of several factors that the Court must consider in deciding the point. See id.

Considering all of the facts and circumstances, we conclude that respondent's failure to mail the notice of deficiency to White did not result in cognizable prejudice to petitioners. The cause of late filing was petitioners' misplacing the notice and faulty recollection of the filing deadline. Respondent's failure to send the notice to White did not prevent petitioners' receipt of actual notice.

Consequently, the notice of deficiency is valid.  Because petitioners failed to file a timely petition, we shall grant respondent's Motion to Dismiss for Lack of Jurisdiction.  We need not decide whether, as respondent contends, the failure to send the notice to White was due to the short time between the submission of the Form 2848 (no sooner than March 12) and the date the statutory notice was mailed (April 8).

As a final matter, we note that, although petitioners cannot pursue their case in this Court, they are not without a remedy.  Petitioners may pay the tax, file a claim for a refund with the Internal Revenue Service, and, if the claim is denied, sue for a refund in the Federal District Court or the U.S. Court of Federal Claims.  See McCormick v. Commissioner, 55 T.C. 138, 142 (1970).

To reflect the foregoing,

> An order will be entered granting respondent's Motion to Dismiss for Lack of Jurisdiction.