T.C. Memo. 2012-278

UNITED STATES TAX COURT

ARTHUR SARKISSIAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27511-11.                    Filed October 1, 2012.

        R mailed to P duplicate notices of deficiency for P's 2007 tax
year.  The petition herein was not timely filed.  R and P filed
competing motions to dismiss for lack of jurisdiction.  R seeks
dismissal on the ground that the petition was not timely filed.  P seeks
dismissal on the grounds that the notice was invalid because R failed to
send either notice to P's last known address and P did not receive
notice in time to file a timely petition.

        <u>Held</u>:  P received actual notice of the deficiency with ample time
remaining to file a timely petition but failed to do so.

        <u>Held</u>, <u>further</u>:  Because P failed to file a timely petition, we will
dismiss in favor of R.

[*2]   Steven Ray Mather, for petitioner.

Scott B. Burkholder and Kathryn A. Meyer, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


WHERRY, Judge:  This case is before the Court because of a petition filed on December 1, 2011, in response to a notice of deficiency dated July 29, 2011, determining a deficiency in income tax of $119,307 and a section 6662(a)[1] penalty of $23,861.40 for petitioner's 2007 tax year.  The case was set for hearing on respondent's and petitioner's competing motions to dismiss for lack of jurisdiction.

The stated ground for respondent's motion to dismiss is that petitioner failed to file the petition instituting this case within the time prescribed by section 6213(a) as amplified by section 7502.  Petitioner would have us dismiss the case on the grounds that the notice of deficiency is invalid because it was neither sent to petitioner's last known address nor received by petitioner with ample time to timely petition this Court.

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended and applicable for the taxable year at issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

**[\*3]**  Respondent has conceded that the notice of deficiency was not sent to petitioner's last known address.  Our issue for decision is whether petitioner received notice of the determined deficiency with sufficient time remaining to file a timely petition.

FINDINGS OF FACT

Some of the facts have been stipulated.  The stipulations, with accompanying exhibits, are incorporated herein by this reference.  At the time the petition was filed, petitioner resided in California.

On July 29, 2011, respondent issued to petitioner, and to petitioner alone, two original notices of deficiency for the 2007 tax year determining the deficiency and penalty amounts stated <u>supra</u> p. 2.[2]  Respondent sent one notice by certified mail to 9229 West Sunset Boulevard, Suite 610, West Hollywood, CA 90069-

---

[2]At the time the notices of deficiency were mailed, petitioner's most current Form 2848, Power of Attorney and Declaration of Representative, listed Thomas Ishihara as petitioner's current representative.  However, because he was considered only a return preparer (and not an enrolled agent, attorney, or certified public accountant), pursuant to respondent's policies Mr. Ishihara was not sent a copy of the notice of deficiency.  Petitioner's counsel, Steven Ray Mather, who had previously filed a power of attorney form with respondent, was not sent a copy of the deficiency notice. The reason was that respondent determined that Mr. Ishihara's Form 2848, filed on October 27, 2010, revoked all prior powers of attorney because a box on the back of the form was not checked that would have indicated prior Form(s) 2848 were not intended to be revoked.

**[*4]** 3406 (Suite 610 address).[3] Respondent sent the second notice by certified mail to an address on Tianna Road in Los Angeles, California (Tianna Road address). The 90th and last day to petition this Court was listed as October 27, 2011.

Respondent sent the notice to the Suite 610 address under the mistaken belief that it was petitioner's last known address. However, petitioner's tax returns filed for the years 2008, 2009, and 2010 all indicated that petitioner's new address was 9229 West Sunset Boulevard, Suite 319, West Hollywood, CA 90069 (Suite 319 address). Because of a clerical error, petitioner's new address was not updated in respondent's records with the correct "319" suite number until November 2011 when petitioner filed his Federal income tax return for 2010.

There is no record of the Suite 610 notice of deficiency's being delivered to petitioner or returned to respondent, and petitioner denies that he ever received or saw the notice within the 90-day timeframe for timely petitioning this Court.[4]

_____

[3]Respondent and petitioner refer to this address interchangeably as "9229 Sunset Blvd., Suite 610, West Hollywood, CA 90069", "9229 West Sunset Blvd., Suite 610, West Hollywood, CA 90069", and "9229 West Sunset Boulevard, Suite 610, West Hollywood, CA 90069". Each variation is deemed to represent the address which appears on the notice of deficiency as "9229 West Sunset Boulevard, Suite 610, West Hollywood, CA 90069-3406".

[4]The record indicates that this notice was processed through a USPS sorting facility in Los Angeles, California, on July 30, 2011, but there is no record of the

(continued...)

**[*5]** While we do not know exactly when or where this original notice was delivered, we do have a recorded documentary history showing that, in at least one instance, respondent had incorrectly sent prior correspondence to petitioner at the Suite 610 address. That correspondence was returned to respondent with the "610" blacked out and "319" written in its place as well as being stamped "insufficient address" and "return to sender". Petitioner asserts that the first time he saw the Suite 610 notice was shortly after the petition was filed in December 2011 when a copy of it was provided to him by his attorney, Mr. Mather.

The path the Suite 610 notice took to arrive in Mr. Ishihara's hands is mysterious. Mr. Mather received this notice on or about November 28, 2011, from Mr. Ishihara, who had prepared petitioner's 2007 tax return and assisted in the audit of petitioner's 2007 tax year. At some time during the period of July to November 2011, the notice found its way into Mr. Ishihara's files, but he and petitioner claim to have no knowledge as to how or when this happened. Petitioner did not rule out the possibility that his assistant signed for the notice and

---

[4](...continued)
item's being signed for by any person or returned to respondent. The record in this case, at the request of respondent, was left open until August 3, 2012, in order to permit respondent to find and interview the postal carrier who delivered mail to the Suite 610 and 319 addresses during July through November 2011. However, respondent was unable to identify or find that postal carrier.

[*6] delivered it directly to Mr. Ishihara without notifying petitioner of its delivery. After the time for petitioning this Court had expired, Mr. Ishihara discovered the notice buried in his files and immediately forwarded a copy of it to Mr. Mather.[5]

A second notice of deficiency was mailed to the Tianna Road address because the revenue agent performing petitioner's audit had been successful in corresponding with petitioner at that address. Petitioner's historic residence was the Tianna Road address; but at the time that notice of deficiency was sent petitioner and his wife were experiencing marital difficulties, and petitioner did not stay at the home every night or even most nights. However, he did maintain a room at the home, and there is no evidence that he had any other residence during the 90-day period after the notice of deficiency was mailed to the Tianna Road address.[6]

---

[5]Mr. Ishihara indicated at the hearing that after sending the copy to petitioner's counsel, he misplaced the original notice and again lost it in his files, only to be found and presented to respondent's counsel the morning of the hearing.

[6]The Court notes that petitioner, in his petition, stated that Tianna Road was his residence. However, at the hearing petitioner vigorously sought to establish and respondent has conceded that this was not his last known tax address. During the period following issuance of the notice to that address, he was at the Tianna Road address only sporadically.

[*7] Petitioner continued to receive mail at the home. Petitioner's wife would typically bring in all the mail received at the address, sort out her mail, and leave mail addressed to petitioner on a long narrow shelf-like bench next to the staircase near the front door. She indicated at the hearing that from time to time she would throw away his mail or dump it in storage in the garage if he had not picked it up for several days or sooner, out of frustration, if she was having a "bad day". But she does not remember specifically throwing out a notice of deficiency, and she was aware of what mail from the Internal Revenue Service (IRS) looked like, having recently received mail from the IRS as part of an audit.

The Tianna Road notice was delivered on August 2, 2011, and was signed for by a woman named Blanca, who was temporarily assisting in caring for petitioner's son and maintaining the Tianna Road home. According to petitioner's wife, Blanca would have put any mail she signed for on the shelf with all the other accumulated mail without sorting it or notifying the person to whom the mail was addressed. Petitioner's wife has no memory of seeing the notice of deficiency signed for by Blanca, and Blanca did not testify at the hearing. Petitioner insists that he never received the notice of deficiency sent to the Tianna Road address.

The petition in this case was filed on December 1, 2011, which is 125 days after the duplicate notices of deficiency were mailed.

[*8]                                        OPINION

## I.    Jurisdiction

It is well settled that this Court has jurisdiction to determine whether it has jurisdiction in a case at any time.  Brannon's of Shawnee, Inc. v. Commissioner, 69 T.C. 999, 1002 (1978).  The Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition.  Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Abeles v. Commissioner, 91 T.C. 1019, 1025 (1988).  This rule is drawn from the statutory scheme set forth principally in sections 6212, 6213, and 7502.

Section 6212(a) authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail.  The taxpayer then generally has, pursuant to section 6213(a), 90 days (or 150 days if the notice is addressed to a person outside of the United States) to file a petition with the Court for redetermination of the deficiency.  The petition in this case was not timely filed.  It was filed 125 days after the notice of deficiency was mailed, which is 35 days after the last day for which a timely petition could be filed.  Therefore, initially our review will focus on whether the notice of deficiency was validly issued.

**[\*9]**   This is important to the parties because it will matter to them, if the case is dismissed, why the case is dismissed.  If the notice of deficiency was invalid, petitioner may avoid any need to defend his tax return against respondent's attack as the three-year period of limitations under section 6501(a) has presumably since expired.[7]  An invalid notice does not generally hold the period of limitations open. See, e.g., Welch v. Schweitzer, 106 F.2d 885, 888 (9th Cir. 1939); Reddock v. Commissioner, 72 T.C. 21, 26 (1979); Rogers v. Commissioner, 57 T.C. 711, 713 (1972).  If the notice was valid, the 90 days expired before petitioner filed the petition, and petitioner will have to pay the tax which he can no longer challenge in this Court.  However, he could, after payment, and within two years thereof, challenge the tax with a refund suit in the U.S. Court of Federal Claims or the U.S. District Court having jurisdiction over the district where he then resides.  See McCormick v. Commissioner, 55 T.C. 138, 142 n.5 (1970).

   Respondent's main argument is that we do not have jurisdiction to hear this case because petitioner filed the petition outside the 90-day window.  Respondent also advances an alternative argument, that we have jurisdiction to reach the

---

[7]Cf. Shockley v. Commissioner, 686 F.3d 1228 (11th Cir. 2012) (holding that the statute of limitations was tolled by the notice of deficiency pursuant to sec. 6503(a)(1) even though it was an invalid notice of deficiency), rev'g T.C. Memo. 2011-96. Sec. 6503(a)(1) suspends the running of the "limitations period when a proceeding in respect of the deficiency is placed on the Tax Court's docket".

**[\*10]** merits of this case because petitioner timely filed his petition. Respondent contends that where a notice of deficiency is mailed to the wrong address and the taxpayer nevertheless receives the notice but receives it outside the 90-day period, then actual receipt of the notice commences the running of the 90-day period.

If the notice in this case was mailed to petitioner's residence, we find this argument would be inconsistent with the Court's established precedent. See sec. 6213(a); Johnson v. Commissioner, 611 F.2d 1015, 1018 (5th Cir. 1980), rev'g T.C. Memo. 1977-382; Shipley v. Commissioner, 572 F.2d 212, 213 (9th Cir. 1977), aff'g T.C. Memo. 1976-383; Monge v. Commissioner, 93 T.C. at 27. In our view the 90-day period is statutory and a limitation on this Court's jurisdiction. See sec. 6213(a); Tadros v. Commissioner, 763 F.2d 89, 91 (2d Cir. 1985); Small v. Commissioner, T.C. Memo. 1992-613, aff'd without published opinion, 21 F.3d 1125 (11th Cir. 1994). The 90-day period starts on the day the notice of deficiency is mailed. Wilson v. Commissioner, 564 F.2d 1317, 1319 (9th Cir. 1977).

However, this case, absent stipulation to the contrary, is appealable to the Court of Appeals for the Ninth Circuit, whose precedent would therefore be controlling. See Golsen v. Commissioner, 54 T.C. 742, 757 (1970), aff'd, 445 F.2d 985 (10th Cir. 1971). The Court of Appeals for the Ninth Circuit on one

**[*11]** occasion has held that where the notice was not sent to either the taxpayer's last known address or actual residence, the statutory 90-day period may not start to run until the notice of deficiency is actually received. See Wallin v. Commissioner, 744 F.2d 674, 677 (9th Cir. 1984) (involving a taxpayer's changed name due to her marriage where the Court of Appeals ordered an otherwise untimely petition filed over three months late to be filed and treated as if timely filed as a result of the Commissioner's failure to comply with section 6213(a)), rev'g T.C. Memo. 1983-52. The same or a similar result was reached in Crum v. Commissioner, 635 F.2d 895, 901 (D.C. Cir. 1980), Powell v. Commissioner, 958 F.2d 53, 57 (4th Cir. 1992), and McPartlin v. Commissioner, 653 F.2d 1185, 1192 (7th Cir. 1981). As we discuss below, we find that petitioner is deemed to have actually received the notice of deficiency. Thus, we need not address this issue.

II.    Validity of Notice of Deficiency

A notice of deficiency is valid if it notifies the taxpayer that a deficiency has been determined against him and gives the taxpayer the opportunity to petition this Court for redetermination of the proposed deficiency. Scar v. Commissioner, 814 F.2d 1363, 1370 (9th Cir. 1987), rev'g 81 T.C. 855 (1983); see Frieling v. Commissioner, 81 T.C. 42, 53 (1983).

**[\*12]** Section 6212(b) provides that a notice of deficiency is sufficient if sent to the taxpayer's last known address. For purposes of section 6212(b), the last known address is the address that appears on the taxpayer's most recently filed and properly processed Federal tax return, unless the IRS is given clear and concise notification of a different address. Sec. 301.6212-2(a), Proced. & Admin. Regs. Sending a notice of deficiency to the last known address is not the only means for giving a taxpayer notice of a deficiency. Clodfelter v. Commissioner, 527 F.2d 754, 757 (9th Cir. 1975), aff'g 57 T.C. 102 (1971). Rather, sending the notice to the last known address is merely a safe harbor whereby the notice will be deemed to be received by the taxpayer even if it never is. Frieling v. Commissioner, 81 T.C. at 52-53.

Respondent has conceded and we agree that neither notice of deficiency was sent to petitioner's last known address. Petitioner's most recently filed and processed Federal income tax return at the time the notice was issued indicated that petitioner's address was the Suite 319 address. Respondent negligently failed to update his records and erroneously sent the notice to the old Suite 610 address, which was not petitioner's last known address.

Nevertheless, all is not necessarily lost for respondent. A notice of deficiency not mailed to the taxpayer's last known address can still be valid. If the

**[*13]** mailing results in the taxpayer's <u>actually receiving notice</u> with ample time remaining to timely file a petition, it meets the conditions of section 6212(a) "no matter to what address the notice successfully was sent." <u>Clodfelter v. Commissioner</u>, 527 F.2d at 757; <u>Brzezinski v. Commissioner</u>, 23 T.C. 192, 195 (1954); <u>Phillips v. Commissioner</u>, T.C. Memo. 1996-196. The outcome of this case hinges upon how we interpret what it means to "actually receive notice".

It is well settled that if the taxpayer physically receives the notice, "actual receipt" has been satisfied. <u>See</u> <u>Mulvania v. Commissioner</u>, 769 F.2d 1376, 1378 (9th Cir. 1985) (citing <u>Clodfelter v. Commissioner</u>, 527 F.2d at 757), <u>aff'g</u> T.C. Memo. 1984-98. This is true even if the taxpayer never opens the envelope in which the notice is delivered. <u>See</u> <u>Erhard v. Commissioner</u>, 87 F.3d 273, 275 (9th Cir. 1996), <u>aff'g</u> T.C. Memo. 1994-344; <u>see also</u> <u>Patmon & Young Prof'l Corp. v. Commissioner</u>, T.C. Memo. 1993-143, <u>aff'd</u>, 55 F.3d 216 (6th Cir. 1995).

However, personal, physical possession of the notice (or the envelope in which it is delivered) is not imperative. This Court has held that a taxpayer actually received a notice when it was made aware that a letter which contained a notice of deficiency had been issued to it, but "turn[ed] a blind eye to that information". <u>See</u> <u>Patmon & Young Prof'l Corp. v. Commissioner</u>, T.C. Memo. 1993-143. In <u>Patmon & Young</u>, the postal carrier attempted to deliver the notice

**[*14]** to the taxpayer's post office box (which was not its last known address for tax purposes), but the notice was deliberately refused and returned to the Commissioner. The Court held that deliberate refusal of delivery amounted to actual receipt of the notice.

In another case where physical receipt of the notice was lacking, Phillips v. Commissioner, T.C. Memo. 1996-196, two postal Forms 3849, so-called yellow slips, were delivered to the taxpayers in successive weeks. These slips indicated that the post office had attempted to deliver a certified mail item and was holding a certified letter for pickup by the taxpayers at the local post office. After the taxpayers failed to pick up the notice of deficiency from the post office for several weeks, it was returned to the Commissioner.

In Phillips, the Court held that the taxpayers received actual notice of the deficiency despite finding that the taxpayers never physically received the notice. The taxpayers in Phillips even claimed never to have received the postal yellow slip notifications. Despite the lack of physical receipt, the Court presumed actual receipt because there was no evidence of any problems with the normal delivery of mail to that address and because the taxpayers had timely received other mail from the Commissioner at that address. We conclude by analogy that petitioner "actually received" the notice sent to the Tianna Road address.

[*15] Several facts are crucial to our finding that petitioner actually received the notice sent to the Tianna Road address. For example, petitioner's petition states that Tianna Road was his residence. Petitioner also alleged in the petition that respondent knew that was his residence. While petitioner later claimed at the hearing that he was at the home only intermittently, he clearly had a room at the home; and there is no evidence that he had any other residence during the 90-day window for timely petitioning this Court. Given that we found petitioner's testimony to be equivocal and lacking credibility, we find as a matter of fact that petitioner, while not at the home every night, was residing and receiving mail at the Tianna Road address during the 90-day period following respondent's mailing of the notice.

The Tianna Road notice was delivered and received at that residence within a few days after respondent mailed it. We do not think that Blanca, the individual who signed the certified receipt, threw out this notice; and on a preponderance of the evidence, we find that Blanca placed the notice on the side table with the other mail. We also find it unlikely that petitioner's wife threw out this notice. She clearly was aware of what mail from the IRS looked like and presumably understood the importance of IRS certified mail, given her recent IRS audit. Petitioner's wife declared that she threw out petitioner's mail from time to time

[*16] but had no memory of specifically throwing out a notice of deficiency. As was the case with petitioner, we did not find petitioner's wife to be a completely candid witness. Accordingly, her testimony does not diminish the fact that the notice was received into the home and "placed within the taxpayer's grasp". See Patmon & Young Prof'l Corp. v. Commissioner, T.C. Memo. 1993-143.

We conclude that the notice of deficiency sent to the Tianna Road address was valid.[8] Petitioner resided at the home and received mail at the home, and the notice was delivered, received, and set aside for petitioner to collect on August 2, 2011. Given these facts, we hold that petitioner "actually received the notice of deficiency" for Federal income tax purposes with ample time remaining to file a timely petition but failed to timely petition this Court. In fact, even if we start counting the 90-day period on August 3, 2011, the day after petitioner "actually received" the statutory notice, he did not timely file his Tax Court petition within

---

[8]Having decided that petitioner actually received the Tianna Road notice of deficiency, we need not decide whether he also actually received the Suite 610 notice. However, we found Mr. Ishihara's explanation (or lack thereof) of how that notice ended up in his files to be less than candid and not persuasive. The Court believes it is more probable that Mr. Ishihara received the Suite 610 notice from either petitioner or petitioner's assistant than that he received it from respondent. For the latter to have occurred, the notice would have to have been returned to respondent and then sent or delivered to Mr. Ishihara despite respondent's policy of not sending notices of deficiency to a representative who is not an attorney, a certified public accountant, or an enrolled agent.

**[\*17]** 90 days of that date. Accordingly, we will deny petitioner's motion to dismiss for lack of jurisdiction and grant respondent's motion to dismiss for lack of jurisdiction.

The Court has considered all of the parties' contentions, arguments, requests, and statements. To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing,

<u>An appropriate order of dismissal for lack of jurisdiction will be entered</u>.