ELLEN V. ERHARD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Erhard v. Commissioner
Docket No. 25656-93
United States Tax Court
T.C. Memo 1994-344; 1994 Tax Ct. Memo LEXIS 340; 68 T.C.M. (CCH) 192; July 25, 1994, Filed *340 For petitioner: Barbara T. Kaplan, Michael I. Saltzman, and Kevin J. Liss. For respondent: Michael E. Hara and Kathryn K. Vetter. DAWSON
DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Robert N. Armen, Jr. pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE ARMEN, Special Trial Judge: This matter is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction, filed April 6, 1994, and petitioner's cross Motion to Dismiss for Lack of Jurisdiction filed April 28, 1994. While respondent moves for dismissal on the ground that the petition was not filed within the 90-day period prescribed in section 6213(a), petitioner asserts that jurisdiction is lacking *341 because respondent failed to issue a valid notice of deficiency. The focus of both motions is the notice of deficiency issued by respondent on October 15, 1992, for the taxable year 1988. Background
Ellen V. Erhard (petitioner) and her then husband, Werner Erhard, filed joint Federal income tax returns for the taxable years 1984, 1985, 1986, 1987, and 1988. On May 14, 1990, petitioner executed a limited power of attorney appointing Werner Erhard as her attorney-in-fact and authorizing him to act on her behalf with respect to an ongoing Internal Revenue Service examination of their Federal income tax returns filed for the taxable years 1984, 1985, and 1986. On October 16, 1991, Werner Erhard executed a power of attorney (Form 2848) for both himself and on behalf of petitioner covering the taxable years 1984, 1985, 1986, and 1987. [2] The power of attorney, submitted to the Internal Revenue Service on October 24, 1991, lists petitioner's address as: c/o Michael Saltzman, Esq., Baker & McKenzie, 805 Third Avenue, New York, NY 10022 The representatives listed on the power of attorney include three attorneys: Arthur Schreiber, Michael Saltzman, and Barbara Kaplan. *342 By letter dated October 28, 1991, Revenue Agent Darline Keung forwarded an examination report concerning the Erhards' tax liability for 1987 and 1988 to the Erhards in care of Michael Saltzman and to Arthur Schreiber. By letter dated November 1, 1991, Arthur Schreiber submitted a revised power of attorney to Revenue Agent Keung for the purpose of clarifying that the power of attorney previously submitted to the Internal Revenue Service on October 24, 1991, covered both Werner Erhard and petitioner. In a letter dated November 1, 1991, from Arthur Schreiber to Richard Greene, [3] Schreiber acknowledges that the power of attorney does not cover the taxable year 1988, explaining that the 1988 year was added to the Erhard audit after the original power of attorney was executed. Schreiber indicated to Greene that he would prepare an additional power of attorney covering the 1988 taxable year and forward a copy to Greene upon its submission to Revenue Agent Keung. [4]
*343 On February 3, 1992, Revenue Agent Keung mailed a 30-day letter to the Erhards in care of Michael Saltzman proposing deficiencies in the Erhards' Federal income taxes for the taxable years 1987 and 1988. Copies of these materials were also forwarded to Arthur Schreiber. On February 27, 1992, the District Director (San Francisco, California) mailed a 30-day letter to the Erhards in care of Michael Saltzman proposing deficiencies in the Erhards' Federal income taxes for the taxable years 1984, 1985, and 1986, and requesting that the Erhards execute a consent to extend the period of limitations on assessment with respect to those taxable years. Copies of these materials were also forwarded to Arthur Schreiber. On or about March 27, 1992, Michael Saltzman submitted a written protest to the Internal Revenue Service with respect to the proposed deficiencies for the taxable years 1984, 1985, 1986, 1987, and 1988. By letter dated April 10, 1992, from the District Director to Michael Saltzman, the District Director requested that the Erhards execute a consent to extend the period of limitations on assessment with respect to the taxable years 1985, 1986, 1987, and 1988. Copies of these *344 materials were also forwarded to Arthur Schreiber. While the record indicates that Michael Saltzman forwarded an executed consent to extend the period of limitations to the District Director on or about April 16, 1992, the record does not reveal the particular taxable years involved. On October 15, 1992, respondent issued by certified mail a joint notice of deficiency to the Erhards determining a deficiency and an addition to tax, and additional interest with respect to their Federal income tax for the 1988 taxable year as follows: Addition to Tax Additional Interest
Deficiency Sec. 6661 Sec. 6621(c) $ 340,688
$ 67,349
[1] The notice of deficiency was mailed in duplicate to two separate addresses: (1) 12 Jennifer Court, Novato, California 94947 (the Jennifer Court address); and (2) P.O. Box 101, Windsor, Massachusetts 01270. [5] The Jennifer Court *345 address is the address appearing on petitioner's Federal income tax return for 1990 -- the last return filed by petitioner prior to the mailing of the deficiency notice. Sometime after the mailing of the deficiency notice but before October 29, 1992, petitioner received Postal Service Form 3849 notifying her that a piece of certified mail had been delivered in her name at the main post office in Novato, California. Prior to October 29, 1992, petitioner visited the post office and examined the envelope. Because the envelope was addressed jointly to Werner H. Erhard and Ellen V. Erhard, petitioner did not accept it. Instead, she contacted "one of her attorneys" who advised her that she did not have to accept delivery of mail addressed to Werner Erhard. [6] Consistent with this advice, petitioner *346 returned to the post office and refused delivery of the letter (as reflected on the reverse side of the Postal Service Form 3849). The envelope bearing the deficiency notice was returned to respondent on October 29, 1992. [7]
By letter dated November 5, 1992, from the District Director to Michael Saltzman, the District Director requested that the Erhards execute a consent extending the period of limitations for the taxable years 1985, 1986, and 1987. Michael Saltzman returned an executed consent extending the period of limitations for the taxable years 1985, 1986, and 1987 to the District Director under cover *347 of a letter dated November 10, 1992. In this letter, Michael Saltzman requested that his clients be permitted to execute an extension for 1988 based on his understanding that the audit covered the 1988 taxable year. Shortly thereafter, however, Michael Saltzman spoke with an employee in respondent's Appeals Office and was advised that the 1988 taxable year was closed due to the issuance of a deficiency notice for that year. Although Michael Saltzman was advised that the deficiency notice was mailed to addresses in California and Massachusetts, it is unclear whether he failed to request or was denied, more specific information regarding the date that the deficiency notice was mailed. On or about November 25, 1992, Michael Saltzman was involved in a phone conversation with another Internal Revenue Service employee, Joseph Caldero, for the purpose of discussing the possible rescission of the deficiency notice for the 1988 taxable year. Michael Saltzman was apparently advised that the notice would not be rescinded. On December 3, 1993, petitioner filed a petition for redetermination with this Court for the taxable year 1988. At the time the petition was filed, petitioner resided *348 at the Jennifer Court address. The petition includes allegations that the deficiency notice dated October 15, 1992, is invalid. As indicated, respondent filed a Motion to Dismiss for Lack of Jurisdiction, alleging that the deficiency notice is valid and that petitioner failed to file a timely petition for redetermination. Petitioner responded with her own Motion to Dismiss for Lack of Jurisdiction, asserting that the deficiency notice is invalid. A hearing was conducted in this case on June 1, 1994, in Washington, D.C. Counsel for both parties appeared at the hearing, filed statements pursuant to Rule 50(c), and presented argument on the pending motions. Discussion
This Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. & Normac Intl. v. Commissioner, 90 T.C. 142, 147 (1988). Section 6212(a) expressly authorizes respondent, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. It is sufficient *349 for jurisdictional purposes if respondent mails the notice of deficiency to the taxpayer's "last known address". Sec. 6212(b); Frieling v. Commissioner, 81 T.C. 42, 52 (1983). If a deficiency notice is mailed to the taxpayer's last known address, actual receipt of the notice is immaterial. King v. Commissioner, 857 F.2d 676, 679 (9th Cir. 1988), affg. 88 T.C. 1042 (1987); Yusko v. Commissioner, 89 T.C. 806, 810 (1987); Frieling v. Commissioner, supra at 52. The taxpayer, in turn, has 90 days (or 150 days under circumstances not present herein) from the date the notice of deficiency is mailed to file a petition in this Court for a redetermination of the deficiency. Sec. 6213(a). There in no dispute in the instant case that the deficiency notice was mailed to petitioner on October 15, 1992. Given that the petition was not filed in this case until December 3, 1993, well after the expiration of the 90-day period for filing a timely petition, it necessarily follows that we must dismiss this action for lack of jurisdiction. The *350 question presented is whether the dismissal should be premised on petitioner's failure to file a timely petition under section 6213(a) or respondent's failure to issue a valid notice of deficiency under section 6212. If we conclude that the petition is untimely, petitioner is precluded from challenging the merits of the deficiency in this Court and will be required to pay the tax and file a claim for refund in the appropriate Federal district court or the Court of Federal Claims. Sec. 7422. However, if jurisdiction is lacking due to respondent's failure to issue a valid notice of deficiency, we will dismiss the case on that ground, rather than for lack of a timely filed petition. Pietanza v. Commissioner, 92 T.C. 729, 735-736 (1989), affd. without published opinion 935 F.2d 1282 (3d Cir. 1991); Weinroth v. Commissioner, 74 T.C. 430, 435 (1980). As indicated, the parties initially disagree whether the disputed deficiency was mailed to petitioner's last known address as required by section 6212(b). The phrase "last known address" is not defined in the Code or the regulations. We have held *351 that a taxpayer's last known address is the address shown on his or her most recently filed return, absent clear and concise notice of a change of address. Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988). The burden of proving that the notice of deficiency was not sent to the taxpayer's last known address is on the taxpayer. Yusko v. Commissioner, supra at 808. Respondent contends that the notice is valid on the ground that it was mailed to the address appearing on the last Federal income tax return filed by petitioner prior to the issuance of the deficiency notice. Petitioner counters that the notice is invalid on the ground that respondent's course of conduct prior to the mailing of the deficiency notice demonstrates that respondent was fully aware that correspondence concerning petitioner's tax liability for the year in issue should have been mailed to petitioner in care of Michael Saltzman in New York. While the parties' contentions regarding petitioner's last known address present an interesting factual issue, we need not resolve that question here. Unfortunately, following the advice of an attorney (see *352 footnote 6, supra), petitioner refused to accept delivery of the envelope which contained the notice of deficiency, relying on the fact that the envelope was addressed jointly to her former husband, Werner H. Erhard, and to her. We begin with the well settled proposition that, although a deficiency notice properly mailed to a taxpayer's last known address provides respondent with a "safe harbor" under section 6212(b), an improperly addressed notice is nonetheless valid if the taxpayer receives actual notice of respondent's deficiency determination in a timely fashion; i.e., without prejudicial delay. See Mulvania v. Commissioner, 81 T.C. 65, 67-68 (1983) (holding an erroneously addressed notice valid under section 6212(a) where the taxpayer received the notice 16 days after it was mailed); Patmon & Young Professional Corp. v. Commissioner, T.C. Memo. 1993-143, on appeal (6th Cir., July 12, 1993). Consistent with the foregoing, the United States Court of Appeals for the Ninth Circuit, the circuit to which this case is appealable, has observed: Reading the interrelated sections of the Code as an integrated whole, it is apparent that the legislative plan contemplates that actual notice of the deficiency should be given where such *353 can reasonably be achieved and that the mailing authorized by sec. 6212(a) is a means to that end. * * * A mailing that effectively results in actual notice is what is apparently contemplated by the legislative plan. [Clodfelter v. Commissioner, 527 F.2d 754, 756 (9th Cir. 1975), affg. 57 T.C. 102 (1971); emphasis added.]
Notably, in a separate case, Mulvania v. Commissioner, 769 F.2d 1376, 1380 (9th Cir. 1985), affg. T.C. Memo. 1984-98, the Court of Appeals for the Ninth Circuit recognized that while respondent generally is not excused for clerical errors related to the mailing of deficiency notices, the taxpayer, through his or her own actions, may render respondent's error harmless. The record in the instant case reveals that sometime between October 15, 1992 (the date the deficiency notice in issue was mailed), and October 29, 1992 (the date the notice was returned to respondent), petitioner received a Postal Service Form 3849 notifying her that a piece of certified mail had been delivered in her name at the main post office in Novato, California. Petitioner *354 went to the post office and examined the envelope containing the deficiency notice. Unfortunately, upon advice of counsel, petitioner refused delivery of the deficiency notice, citing the fact that the envelope was addressed jointly to her and her former husband. Confronted with similar circumstances in Patmon & Young Professional Corp. v. Commissioner, supra, we held that a taxpayer may not thwart respondent's efforts to provide actual notice of a deficiency determination by refusing to take delivery of the notice. Specifically, we held that the notice requirements of section 6212 are satisfied where delivery of a deficiency notice is otherwise complete yet the taxpayer declines to take possession of the notice. Simply stated, sound policy concerns dictate that a taxpayer may not turn his or her back on a notice of deficiency. Applying these principles to the case at hand, we reject petitioner's contention that respondent's purported error in mailing the deficiency notice to the Jennifer Court address prevented delivery of the deficiency notice. To the contrary, the deficiency notice was presented to petitioner, literally placed within her *355 grasp, and yet petitioner refused to take possession of it. Under these circumstances, we find that petitioner received actual notice of respondent's deficiency determination within 2 weeks of the mailing of the deficiency notice. See Patmon & Young v. Commissioner, supra.Further, consistent with Mulvania v. Commissioner, 769 F.2d at 1380, we conclude that any error attributable to respondent with respect to the mailing of the deficiency notice is rendered harmless by virtue of petitioner's subsequent decision to ignore what was obviously an important piece of correspondence from the Internal Revenue Service. Because we find the deficiency notice in issue to be valid, we will grant respondent's motion to dismiss and deny petitioner's motion to dismiss. [8]
*356 To reflect the foregoing, An appropriate Order will be entered. Footnotes
1. All section references are to the Internal Revenue Code, as amended. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. It would appear that Werner Erhard exceeded the authority that petitioner granted him in the limited power of attorney dated May 14, 1990, to the extent that the power of attorney executed by Werner Erhard on October 16, 1991, purported to cover the taxable year 1987.↩
3. Richard Greene served as petitioner's tax counsel with respect to the taxable years 1981, 1982, and 1983.↩
4. There is no indication in the record that a power of attorney covering the taxable year 1988 was ever prepared or filed with the Internal Revenue Service.↩
1. Interest at 120 percent of the underpayment rate provided by section 6621 on the portion of the deficiency constituting a substantial underpayment attributable to tax-motivated transactions. Respondent determined that $ 91, 470 of the underpayment was attributable to tax-motivated transactions.↩
5. The Windsor, Massachusetts, address was an address belonging solely to Werner Erhard. The notice mailed to this address was returned to respondent undelivered. The parties agree that this notice was not mailed to petitioner's correct address and does not bear on the issues presented herein.↩
6. According to the declaration executed by Revenue Officer Gregory W. Gillen, petitioner told him that she was not sure which attorney had advised her not to accept delivery of the mail addressed jointly to her former husband and to her, but she "believed it was the one who handled her divorce from Werner Erhard.↩
7. We note that the envelope bearing the deficiency notice mailed to the Jennifer Court address contains a handwritten notation "VAC hold 10-16-92". This notation appears to indicate that petitioner requested that the post office hold her mail while she was on vacation or otherwise away from home.↩
8. While petitioner cannot pursue her case in this Court, she is not without a remedy. In short, petitioner may pay the tax, file a claim for refund with the Internal Revenue Service, and if the claim is denied, sue for a refund in the appropriate Federal district court or the U.S. Court of Federal Claims. See McCormick v. Commissioner, 55 T.C. 138, 142↩ (1970).