T.C. Memo. 1998-37

UNITED STATES TAX COURT

DONNA C. CLEVENGER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6677-95.          Filed January 28, 1998.

Donna C. Clevenger, pro se.

<u>Richard A. Rappazzo</u>, for respondent.

MEMORANDUM OPINION

DAWSON, <u>Judge</u>:  This case was assigned to Special Trial
Judge Norman H. Wolfe pursuant to the provisions of section
7443A(b)(4) and Rules 180, 181, and 183.  All section references
are to the Internal Revenue Code in effect for the tax years in

issue, unless otherwise indicated.  All Rule references are to the Tax Court Rules of Practice and Procedure.  The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

WOLFE, Special Trial Judge:  This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction. Petitioner  contends that this Court lacks jurisdiction because the notice of deficiency mailed to her by respondent was not sent to her last known address within the meaning of section 6212(b)(1).   Respondent's position is that this Court lacks jurisdiction because petitioner failed to file a timely petition within the time prescribed in section 6213(a) or section 7502.

Background

Respondent determined deficiencies in petitioner's Federal income taxes for the taxable years 1979, 1980, and 1981, and additions to tax as follows:

| Year | Deficiency | Addition to Tax | |
|------|-----------|-----------------|-----------|
| | | Sec. 6653(b) | Sec. 6654 |
| 1979 | $6,575 | $3,287 | $274 |
| 1980 | 2,120 | 1,060 | 136 |
| 1981 | 10,689 | 5,345 | 817 |

The evidence in this case consists of a stipulation of facts with attached exhibits (incorporated herein by reference) and oral testimony presented at the hearing on the parties' cross-motions.

Respondent's notice of deficiency is dated April 13, 1984. The petition in this case was filed on April 18, 1995, that is, 4,032 days, or approximately 11 years, after the mailing of the notice of deficiency. Petitioner resided in Peoria, Arizona, when her petition was filed. Petitioner filed an amended petition pertaining to those same years (1979 through 1981) on June 26, 1995.

Respondent's notice of deficiency was sent to petitioner by certified mail addressed as follows: Donna Clevenger, 20935 Bell Avenue, Lakeview, California 92353 (hereafter the Bell Avenue address). Respondent asserts that this address was on petitioner's last filed tax return. The property located at the Bell Avenue address consisted of a mobile home that was owned by petitioner and her husband and was situated on 2-1/2 acres of land.

Petitioner resided with her husband, Coy A. Clevenger, at all times at issue and until his death in 1992. Petitioner's last filed return prior to the issuance of the statutory notice of deficiency was the 1978 return filed jointly with her husband on February 2, 1983. Petitioner did not file a Federal income tax return either individually or jointly with her husband for the taxable years 1979, 1980, and 1981. At respondent's request, the Fresno Service Center, the service center with which petitioner was required to file her Federal income tax returns during the years at issue, conducted a diligent search of its

records and determined that the original as well as any copies of any joint income tax returns (Form 1040) filed by petitioner for the years prior to and including the 1978 taxable year had been routinely destroyed by respondent after a 7-year retention period.  Petitioner did not produce a copy of her 1978 joint income tax return at trial.  There is no evidence in the record that the notice of deficiency ever was returned to respondent as undeliverable.

Petitioner claims that at the time of the issuance of the notice of deficiency in April 1984, her last known address, to which the notice of deficiency should have been sent, was "30840 Apricot Avenue, Nuevo, California" (hereafter the Apricot address).  According to petitioner, she and her husband moved from the Bell Avenue address to the Apricot address in mid-January 1983, and therefore the Apricot address would have been the address on her 1978 joint income tax return.  Petitioner testified that the property located at the Apricot address was a horse ranch known as Solar View Farms owned by Rick Fritz.  Petitioner claims that she and her husband lived in a house on the property in exchange for taking care of the ranch and the horses.  Mr. Fritz did not testify at the hearing.

On February 13, 1984, petitioner and her husband filed a voluntary petition in bankruptcy with the U.S. Bankruptcy Court for the Central District of California.  On March 6, 1984, petitioner and her husband filed with the bankruptcy court a

"Statement of Affairs of Debtor Not Engaged in Business", dated and executed on February 10, 1984, in which petitioner and her husband stated that they resided at the Bell Avenue address from 1978 until June 1983.  On February 10, 1984, petitioner and her husband also executed a "Statement of Compensation Paid For Assistance in Connection with the Filing of the Bankruptcy Case Pursuant to Local Bankruptcy Rule 221", promptly thereafter filed with the bankruptcy court.  This statement identified the Bell Avenue address as real property owned by petitioner and her husband as of the date of the filing of the bankruptcy petition, and as property exempt pursuant to 11 U.S.C. sec. 522(d)(1) (Supp. II, 1978), as the residence of the debtor or a dependent of the debtor.  Petitioner and her husband were discharged from bankruptcy on June 29, 1984.

On November 2, 1989, petitioner wrote to the Internal Revenue Service Problem Resolution Office in Laguna Nigel, California, and requested audit reports.  In response, on January 17, 1990, personnel of that office sent petitioner copies of her audit reports for the taxable years 1979, 1980, and 1981.  A copy of the original notice of deficiency dated April 13, 1984, was included with the audit reports received by petitioner.

Ernest Avilla (Avilla) worked as the postmaster for the post office in Nuevo, California (hereafter the Nuevo post office), from 1981 through 1984.  His job functions as postmaster included traveling to the Lakeview post office approximately once a week

to observe the postal practices and procedures at the Lakeview post office. As a result of his duties as postmaster, Avilla testified that he was familiar with petitioner's last name "Clevenger". In 1983 and 1984, the Lakeview post office had 300 post office boxes and the Nuevo post office had 594 post office boxes and one highway contract route for street delivery that extended into the Lakeview area and had about 500 deliveries. The Bell Avenue address was not located along the highway contract route. According to Avilla, it was the policy of the Nuevo and Lakeview post offices to deliver mail to the residents of Lakeview and Nuevo based upon the resident's last name rather than street address. For example, mail received by either the Lakeview or Nuevo post offices that was addressed to a resident of the Nuevo or Lakeview area with only the resident's name and city on the letter or package was still delivered either to the resident's post office box or to the resident's street address if that resident was receiving mail at the street address.

Petitioner's witness Edna Morrison (Morrison) testified that she, her husband, and her son resided at the Bell Avenue address from mid-January 1983 until December 1983. Morrison was unable to produce any documentary evidence or records to corroborate the dates she claims to have resided at the Bell Avenue address. Morrison testified that during the time she claims she resided at the Bell Avenue address she never received any mail that was

addressed to petitioner or her husband because she "only received mail at her post office box".

Petitioner's second witness, Melinda Hayes (Hayes), testified that she, her mother, and her brother resided at the Bell Avenue address from December 1983 until June 1984. Accordingly, Hayes allegedly was living at the Bell Avenue address when the notice of deficiency was issued to petitioner. Hayes testified that during the time she claims she resided at the Bell Avenue address, she never received any mail that was addressed to petitioner or her husband. Hayes claimed that her family actually received mail at the Bell Avenue address. At the time of the hearing, Hayes was petitioner's daughter-in-law.

Discussion

The jurisdiction of this Court is governed by statute. Sec. 7442. A valid notice of deficiency and a timely filed petition are essential to our deficiency jurisdiction. Secs. 6212 and 6213; Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Abeles v. Commissioner, 91 T.C. 1019, 1025 (1988). Under section 6212, a notice of deficiency is sufficient if it is mailed to the taxpayer's last known address by certified or registered mail. Sec. 6212(a) and (b). "A notice of deficiency is valid if it is mailed to the taxpayer's last known address even if it is not received by the taxpayer." Williams v. Commissioner, 935 F.2d 1066, 1067 (9th Cir. 1991), affg. T.C. Memo. 1989-439; King v. Commissioner, 857 F.2d 676, 681 (9th Cir.

1988), affg. on other grounds 88 T.C. 1042 (1987). Even if the notice is mailed to the wrong address, it will be valid if the taxpayer receives actual notice of the deficiency and is not unduly prejudiced in timely filing his or her petition. Erhard v. Commissioner, 87 F.3d 273, 275 (9th Cir. 1996), affg. T.C. Memo. 1994-344 (quoting Patmon & Young Profl. Corp. v. Commissioner, 55 F.3d 216, 218 (6th Cir. 1995), affg. T.C. Memo. 1993-143); Frieling v. Commissioner, 81 T.C. 42, 53 (1983).

Respondent's motion to dismiss is based on the ground that the petition was not timely filed. This Court will not dismiss the petition as untimely filed unless respondent first establishes that respondent mailed a notice of deficiency to petitioner and proves the date on which the notice was mailed. Pietanza v. Commissioner, 92 T.C. 729, 736 (1989), affd. without published opinion 935 F.2d 1282 (3d Cir. 1991).

The record here includes a copy of the notice dated April 13, 1984, that was sent to petitioner as well as a copy of the U.S. Postal Service Form 3877 (For Registered, Insured, C.O.D., Certified, and Express Mail) with an April 13, 1984, postmark date. The legend stamped at the top left-hand side of the Form 3877 states "Statutory Notices of Deficiency, For The Year(s) Indicated, Have Been Sent To The Following Taxpayers". Petitioner's name and the Bell Avenue address appear on the Form 3877 in addition to the redacted names of four other taxpayers. Petitioner has not disputed the mailing of the deficiency notice

to the Bell Avenue address.  Based on this evidence, and the record as a whole, we find that respondent has established that the subject notice of deficiency was mailed to petitioner at the Bell Avenue address on April 13, 1984.  See August v. Commissioner, 54 T.C. 1535 (1970).

Generally, a taxpayer has 90 days after the mailing of a notice of deficiency to file a petition with this Court.  Sec. 6213(a); Monge v. Commissioner, supra at 27.  However, if the taxpayer is involved in bankruptcy proceedings, the debtor-taxpayer is prohibited from filing a petition with this Court while the bankruptcy case is pending.  11 U.S.C. sec. 362(a)(8) (Supp. II, 1978).  Under section 6213(f)(1), the 90-day period is suspended for the time during which the debtor-taxpayer is prohibited by reason of the bankruptcy proceedings from filing a petition and for 60 days thereafter.  Although the Tax Court's jurisdiction is limited by 11 U.S.C. section 362(a)(8) (Supp. II, 1978), the Commissioner is not prohibited from issuing a notice of deficiency during the pendency of a bankruptcy case.  11 U.S.C. sec. 362(b)(8) (Supp. II, 1978); see Zimmerman v. Commissioner, 105 T.C. 220, 224-225 (1995).

Petitioner and her husband filed for individual bankruptcy on February 13, 1984, 2 months before the notice of deficiency was mailed.  Petitioner and her husband were discharged from bankruptcy on June 29, 1984.  Accordingly, the 90-day period began to run 60 days later.  Secs. 6212 and 6213(f)(1); 11 U.S.C.

sec. 362(a)(8), (c)(2) (Supp. II, 1978). The 90-day period expired on November 25, 1984. Sec. 6213(a). Petitioner did not file her petition in this case until April 28, 1995. Therefore, given a valid notice of deficiency, the petition must be dismissed for lack of jurisdiction as untimely. Secs. 6213(a), 7502; Rule 13(a), (c); see Pietanza v. Commissioner, supra at 735-736. However, if we should find that jurisdiction is lacking because respondent did not mail a valid notice of deficiency under section 6212, we would dismiss the case on that ground. Pietanza v. Commissioner, supra at 736.

Petitioner argues that respondent's motion should be denied on the ground that the notice was not sent to her last known address. Neither section 6212 nor the regulations thereunder define a taxpayer's "last known address". A taxpayer's last known address is the address to which, in light of all surrounding facts and circumstances, the Commissioner reasonably believed the taxpayer wished the notice of deficiency to be sent. The practical refinement of this rule is that, generally, a taxpayer's last known address is that used on his most recent return, unless the taxpayer communicates to the Commissioner "clear and concise" notice of a change of address. Williams v. Commissioner, supra at 1067 (quoting United States v. Zolla, 724 F.2d 808, 810 (9th Cir. 1984)). When a taxpayer changes his address, the taxpayer must notify the Commissioner of the change or else accept the consequences. Alta Sierra Vista, Inc. v.

Commissioner, 62 T.C. 367, 374 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976). To supplant the address on the most recent return, the taxpayer must clearly indicate that the former address is no longer to be used. Tadros v. Commissioner, 763 F.2d 89, 92 (2nd Cir. 1985); White v. Commissioner, T.C. Memo. 1990-528.

Petitioner's joint Federal income tax return for 1978, filed February 2, 1983, was the most recent return filed by petitioner when the notice of deficiency was issued on April 13, 1984. Petitioner bears the burden of proving that the notice of deficiency was not mailed to her last known address. Rule 142(a); Yusko v. Commissioner, 89 T.C. 806, 808 (1987). Moreover, regardless of the burden of proof, the record before us is replete with documents indicating that in February 1983 when petitioner's most recent return was filed, petitioner and her husband considered the Bell Avenue address their residence address. Among the documents introduced as evidence by respondent were petitioner's bankruptcy records, official employment records, including her wage reports and personnel records, records from the California Department of Motor Vehicles, and an Abstract of Judgment and Notice of Judgment Lien filed by First Interstate Bank of California against petitioner and her husband.

On October 22, 1984, respondent filed a "Notice of Federal Tax Lien" with the Riverside, California, Recorder's Office

against petitioner and her husband for the 1978 tax year. The lien identifies petitioner's residence as the Bell Avenue address. Respondent argues that because this lien was filed based upon petitioner's last filed income tax return, an inference can be made that respondent used petitioner's last filed return to determine petitioner's address when filing this lien. We conclude on the basis of the substantial available evidence that the Bell Avenue address was the address listed on petitioner's 1978 tax return and was petitioner's residence address in February 1983 when she and her husband filed their return for 1978.

Petitioner never sent notice to respondent specifically informing respondent that the address on her most recent return no longer should be used or that she wanted a different address to be used for tax purposes. Based upon all the evidence in the record, we find that respondent mailed the subject notice of deficiency to the address which was shown as petitioner's residence on her most recent return prior to the date of the deficiency notice and which was in fact her residence at the time of filing that return.

Petitioner argues that respondent knew that her address had changed since her most recent return. She contends that respondent knew of her address change by virtue of her bankruptcy petition and a Form 3242 "Request for Information From Employer (To Locate Individual)", which had been mailed by the Internal

Revenue Service to petitioner's employer on August 14, 1983.  On August 16, 1983, petitioner's employer, the Nuview Union School District, completed and returned Form 3242 to the Internal Revenue Service in San Diego, California.  As completed, the Form 3242 identified petitioner's "current" address as the Apricot address.  Petitioner presented no evidence that she ever sent a copy of the bankruptcy petition to respondent.

This Court repeatedly has held that notification by a third party of a taxpayer's new address is not sufficient to provide respondent with clear and concise notification of a taxpayer's change of address.  See Monge v. Commissioner, 93 T.C. 22 (1989) (different addresses on Forms 4868 and 2688); Roy v. Commissioner, T.C. Memo. 1992-559 (different address on a bankruptcy cover sheet); Oak Center v. Commissioner, T.C. Memo. 1990-633 (Form 2848 where the Form did not expressly provide that the taxpayers' address had changed); Grencewicz v. Commissioner, T.C. Memo. 1990-597 (Forms 1099 and various other interest statements filed by third parties); White v. Commissioner, T.C. Memo. 1990-528 (a Form W-2 reflecting a different address); Greenstein v. Commissioner, T.C. Memo. 1990-405 (Forms W-2 and 1099-DIV filed by third party payers).  In United States v. Zolla, 724 F.2d 808 (9th Cir. 1984), the Court of Appeals indicated that third party notification would be adequate, stating that "where the taxpayer himself did not communicate the change of address to the IRS, the taxpayer would not be estopped

from arguing that a change of address noted by the IRS was incorrect."  Id. at 811.

The documents introduced by respondent in this case establish to our satisfaction that in February 1983, when petitioner and her husband filed their 1978 joint Federal income tax return, they were using the Bell Avenue address as their residence address and apparently listed that address on their return.  Considering all the evidence available concerning petitioner's ownership of the Bell Avenue property and repeatedly claiming it as a residence address in contrast to her temporarily occupying quarters at her place of employment, the Apricot address, some time in 1983, we conclude that, on the date the deficiency notice was mailed, respondent reasonably believed that the Bell Avenue address was the address this taxpayer wished to have respondent use in sending mail to her.  Thus, petitioner's last known address was the Bell Avenue address.  Respondent mailed the subject notice of deficiency to the Bell Avenue address.  That address would have been satisfactory to assure delivery to petitioner even if she had moved elsewhere in the Lakeview-Nuevo area.  Respondent was not given clear and concise notification of a change of address.  Therefore, we hold that the notice of deficiency with respect to petitioner's taxable years 1979 through 1981 was properly sent by respondent by certified mail to petitioner's last known address on April 13, 1984.

Accordingly,

- 15 -

An order will be entered granting respondent's motion to dismiss for lack of jurisdiction on the ground that the petition was untimely filed.