T.C. Memo. 1998-438


UNITED STATES TAX COURT


RONALD THOMAS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3595-98.                    Filed December 15, 1998.


<u>Joseph L. Gibson, Jr.</u>, for petitioner.

<u>Stuart Spielman</u> and <u>Helen F. Rogers</u>, for respondent.



MEMORANDUM OPINION

DAWSON, <u>Judge</u>:  This case was assigned to Chief Special
Trial Judge Peter J. Panuthos pursuant to the provisions of
section 7443A(b)(4) and Rules 180, 181, and 183.[1]  The Court
agrees with and adopts the opinion of the Special Trial Judge,
which is set forth below.

---

[1]  All section references are to the Internal Revenue Code
as amended.  All Rule references are to the Tax Court Rules of
Practice and Procedure.

OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, <u>Chief Special Trial Judge</u>:  This matter is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction on the ground that the petition was not filed within the 90-day filing period prescribed under section 6213(a).  As discussed in greater detail below, we will grant respondent's motion.

<u>Background</u>

Ronald Thomas (petitioner) was president of Delafield Associates, Inc. (Delafield), a company that operated a McDonald's restaurant in Baltimore, Maryland.  In February 1981, Delafield filed a chapter 11 bankruptcy petition.  The Internal Revenue Service subsequently became involved in the Delafield bankruptcy case insofar as Delafield purportedly had failed to pay Federal employment taxes for 1980 and 1981.

In August 1981, petitioner and his then spouse, Shirley Thomas (collectively the Thomases), filed joint Federal income tax returns for the taxable years 1978, 1979, and 1980 listing their address as 5404 Lightning View Rd., Columbia, Maryland (the Lightning View address).

In early 1983, respondent mailed to the Thomases an examination report proposing adjustments to their tax liability for 1978.  Shortly thereafter, the Thomases filed a joint petition with the Court, assigned docket No. 24783-83, seeking a

redetermination of their tax liability for 1978. At the time, the Thomases continued to reside together at the Lightning View address. On November 30, 1983, the Court dismissed the Thomases' petition on the ground that respondent had not issued a notice of deficiency to the Thomases for 1978.

During the fall of 1983, petitioner and Shirley Thomas were experiencing marital difficulties and decided to separate. To reduce the impact on his children, petitioner left the Lightning View address. By December 1983, petitioner had moved into an apartment at 4016½, North Rogers Avenue, Baltimore, Maryland 21207 (the Rogers Avenue address).

On December 30, 1983, the Chief of the Collection Branch assigned to the Internal Revenue Service Center in Philadelphia, Pennsylvania, sent a Form 4901, Request for Information About Tax Form, to petitioner at the Rogers Avenue address stating that respondent had no record of receiving his 1982 tax return. The record does not clearly reflect how the Collection Branch became aware of petitioner's Rogers Avenue address.

On January 30, 1984, the Internal Revenue Service District Director in Baltimore, Maryland, mailed a joint notice of deficiency to the Thomases determining a deficiency of $36,401.86 in their Federal income tax for 1978 and an addition to tax under section 6651(a) in the amount of $9,592.40. The notice, which was mailed by certified mail to the Lightning View address, was

returned to respondent marked "Unclaimed". Shirley Thomas was residing at the Lightning View address throughout the period in question. The record indicates that the notice of deficiency was mailed to the Lightning View address on the basis of information contained in the Thomases' administrative file and that respondent did not conduct a computer search for petitioner's address before mailing the notice of deficiency. The record does not reflect whether respondent made any further efforts to deliver the notice of deficiency to the Thomases immediately after the original notice was returned undelivered.[2]

Between 1982 and 1984, the Thomases were contacted by various revenue officers concerning the collection of Delafield's unpaid Federal employment taxes and the possible imposition of the 100-percent penalty against the Thomases with respect to those taxes. Sec. 6672. Revenue Officer James Land met petitioner during a field visit to Delafield's McDonald's restaurant in Baltimore.[3] In July 1982, Revenue Officer Grace Jaecksch prepared a Form 4180, Report of Interview Held With Persons Relative to Recommendation of 100-Percent Penalty Assessments, based upon an interview with Shirley Thomas. On April 19, 1984, Revenue Officer Carla Mims-Dixon met with Mrs.

_____

[2] The Commissioner destroyed the Thomases' administrative file in the normal course of business.

[3] The record does not reflect the date of this visit.

Thomas during a field visit at the Lightning View address. The aforementioned revenue officers have no recollection of being informed that petitioner was residing at the Rogers Avenue address or that petitioner wanted correspondence to be mailed to that address.

Petitioner was provided with a copy of the notice of deficiency for 1978 by letter from Revenue Officer Jaecksch dated November 10, 1988.

On February 24, 1998 (more than 14 years after the mailing of the notice of deficiency and more than 9 years after petitioner received a copy of the notice of deficiency), petitioner filed a petition for redetermination with the Court. The petition was hand-delivered to the Court.

As indicated, respondent filed a Motion to Dismiss for Lack of Jurisdiction on the ground that the petition was not timely filed. Petitioner filed an objection to respondent's motion asserting that the notice of deficiency was not mailed to his last known address.

This matter was called for hearing on two occasions at the Court's motions sessions held in Washington, D.C. Counsel for both parties appeared and presented evidence. Following the evidentiary hearing, both parties filed memoranda with the Court setting forth their respective positions.

- 6 -

## Discussion

The Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and the filing of a timely petition. Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988). Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. It is sufficient for jurisdictional purposes if the Commissioner mails the notice of deficiency to the taxpayer's "last known address". Sec. 6212(b); Frieling v. Commissioner, 81 T.C. 42, 52 (1983). If a notice of deficiency is mailed to the taxpayer at the taxpayer's last known address, actual receipt of the notice is immaterial. King v. Commissioner, 857 F.2d 676, 679 (9th Cir. 1988), affg. 88 T.C. 1042 (1987); Yusko v. Commissioner, 89 T.C. 806, 810 (1987); Frieling v. Commissioner, supra at 52. The taxpayer, in turn, generally has 90 days from the date the notice of deficiency is mailed to file a petition with the Court for a redetermination of the deficiency. Sec. 6213(a).

There is no dispute in this case that the petition was not filed within the 90-day period prescribed in section 6213(a). Although respondent mailed the notice of deficiency in question on January 30, 1984, the petition was not filed until February 24, 1998. Under the circumstances, it is evident that the Court

lacks jurisdiction in this case. Nonetheless, we must decide whether dismissal of this case should be premised on petitioner's failure to file a timely petition under section 6213(a) or on respondent's failure to issue a valid notice of deficiency under section 6212. See Pietanza v. Commissioner, 92 T.C. 729, 735-736 (1989), affd. without published opinion 935 F.2d 1282 (3d Cir. 1991). In this regard, we must determine whether respondent mailed the notice of deficiency in question to petitioner's last known address.

Although the phrase "last known address" is not defined in the Internal Revenue Code or in the regulations, we have held that a taxpayer's last known address normally is the address shown on the taxpayer's most recently filed return, absent clear and concise notice of a change of address. Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988); see King v. Commissioner, supra at 681. Oral notification of a change of address, clearly proved, may be sufficient to constitute a change of address. See Mollet v. Commissioner, 82 T.C. 618, 625-626 (1984), affd. without published opinion 757 F.2d 286 (11th Cir. 1985); Westphal v. Commissioner, T.C. Memo. 1992-599.

The record in this case shows that respondent mailed the notice of deficiency to the address appearing on petitioner's 1978, 1979, and 1980 tax returns--petitioner's most recently filed tax returns before the mailing of the notice of deficiency.

Further, the notice of deficiency was returned to respondent marked "Unclaimed" (as opposed to "Addressee Unknown", "Insufficient Address" or "Unable to Forward"), indicating that certified mail notices were left at the Lightning View address, yet the notice of deficiency was not claimed. See, e.g., Erhard v. Commissioner, T.C. Memo. 1994-344, affd. 87 F.3d 273 (9th Cir. 1996).

Petitioner contends that he provided oral notice to respondent's revenue officers in the fall of 1983 that he had changed his address to the Rogers Avenue address. However, the revenue officers who were in contact with the Thomases during this period could not recall being informed of, or ever visiting, the Rogers Avenue address. The record does show that respondent's Collection Branch in Philadelphia was aware that petitioner might be contacted at the Rogers Avenue address--the Collection Branch used that address in mailing the Form 4901 to petitioner on December 30, 1983. The revenue officers from the Collection Branch in Philadelphia were not involved with the examination of petitioner's individual income tax liability for 1978. They were concerned with efforts to collect Delafield's unpaid Federal employment taxes for 1980 and 1981 and/or the imposition of the 100-percent responsible person penalty against the Thomases with respect to those taxes, whereas the deficiency notice for Federal income tax for 1978 was issued by the District

Director in Baltimore.  Cf. Westphal v. Commissioner, supra (oral notice to examining agent was effective to constitute a change of address).

Petitioner further contends that respondent did not exercise due diligence in determining his correct address.  It is well settled that, where the Commissioner is aware, before issuing a notice of deficiency, that the address he intends to use is no longer the taxpayer's correct address, the Commissioner is required to exercise reasonable diligence in attempting to ascertain the taxpayer's correct address.  See King v. Commissioner, supra at 681 n.8; Crawford v. Commissioner, T.C. Memo. 1996-460; Stroud v. Commissioner, T.C. Memo. 1992-666.

There is no evidence in the record that respondent was aware, either before or immediately after the mailing of the notice of deficiency, that the Lightning View address was not petitioner's correct address.  Because of the passage of time, we do not have the benefit of reviewing the contents of respondent's administrative file.  However, on the basis of a review of the record herein, we are satisfied that respondent was not put on notice that petitioner was no longer residing at the Lightning View address.  Moreover, the notice was returned to respondent marked "Unclaimed" as opposed to "Addressee Unknown", "Insufficient Address" or "Unable to Forward".  Under the circumstances, respondent was justified in believing that the

notice of deficiency was addressed to the Thomases at their correct address and that they simply failed to claim the notice of deficiency.

In sum, we conclude that respondent mailed the notice of deficiency to petitioner's last known address.  Moreover, in Powell v. Commissioner, 958 F.2d 53, 57 (4th Cir. 1992), the Court of Appeals for the Fourth Circuit, the court to which an appeal in this case would lie, held that "When notice of a deficiency is not sent to a taxpayer's last known address, subsequent actual notice of the deficiency will commence the running of the ninety-day period."  In the instant case, petitioner actually received the notice of deficiency in November 1988, yet waited over 9 years to file his petition with this Court.  Accordingly, we will grant respondent's Motion to Dismiss for Lack of Jurisdiction.[4]

To reflect the foregoing,

An order will be entered granting respondent's Motion to Dismiss for Lack of Jurisdiction.

---

[4]  Although petitioner cannot pursue his case in this Court, he is not without a remedy.  In short, petitioner may pay the tax, file a claim for refund with the Internal Revenue Service, and if the claim is denied, sue for a refund in the Federal District Court or the U.S. Court of Federal Claims.  See McCormick v. Commissioner, 55 T.C. 138, 142 (1970).