T.C. Memo. 2001-300


UNITED STATES TAX COURT


ROBERT BAXTER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7177-00L.          Filed November 13, 2001.


Robert Baxter, pro se.

<u>John Y. Chinnapongse</u>, for respondent.


MEMORANDUM OPINION


DINAN, <u>Special Trial Judge</u>:  This case was called from the calendar of the trial session at San Francisco, California, on January 22, 2001, for hearing on respondent's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted,

filed November 6, 2000, and petitioner's Notice of Objection, filed December 4, 2000.  The parties appeared and were heard.

Background

In a statutory notice of deficiency dated April 29, 1998, respondent determined a deficiency in petitioner's Federal income tax for the year 1995 in the amount of $9,076, and a penalty pursuant to section 6662[1] in the amount of $640.

The notice of deficiency was mailed, by certified mail, to petitioner's last known address: 359 Greenway Drive, Pacifica, California, 94004-2920592.  The notice of deficiency, dated April 29, 1998, was returned to the Internal Revenue Service as unclaimed, after the U.S. Postal Service had waited 15 days for petitioner to claim the letter.  The U.S. Postal Service attempted to deliver the notice of deficiency to petitioner on May 1 and 6, 1998.

At the January 22, 2001, hearing in this case, respondent represented to the Court:

> In this case, the exhibits attached to our motion show that the IRS issue of the stat notice to the petitioner at his last known address, that the Post Office attempted delivery several times, and that petitioner did not pick up -- refused to pick up the statutory notice of deficiency.
>
> And apparently the reason as set forth in this objection, where he indicated he shouldn't have to take

---

[1]    All section references are to the Internal Revenue Code currently in effect.

time off from work to pick up a rhetorical letter from the IRS.

As petitioner had the prior opportunity to dispute the liability, and as he raises no other issue in his petition, the Court should grant the Government's motion to dismiss for failure to state a claim upon which relief can be granted.

The Court: Thank you, Mr. Chinnapongse. Mr. Baxter. What did you want to say?

Mr. Baxter: I didn't realize the importance of the letter they were sending me at the time, and I did not take time off of work to pick up.

The Court: How would you know whether it was important or not unless you looked at it?

Mr. Baxter: I've received many certified letters from the IRS, all stating the same thing, that I owe money with nothing else included. I didn't realize this certain letter was that important.

The Court: You knew that it was down at that mailbox waiting for you?

Mr. Baxter: Yes, I did. But I put in a lot of hours at that job when that came out and I could not take time off from work.

In Sego v. Commissioner, 114 T.C. 604 (2000), Steven Sego and Davina Sego petitioned the Court in response to two Notices of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, regarding the years 1993, 1994, and 1995. In their petition, taxpayers sought to challenge their underlying Federal income tax liabilities for 1993, 1994, and 1995. The Commissioner alleged that taxpayers were precluded from

challenging the underlying liabilities because they had received statutory notices of deficiency for those liabilities.

The Court found that statutory notices of deficiency with respect to 1993, 1994, and 1995 were sent to each taxpayer on August 13, 1997. Duplicate originals were sent to Steven Sego, one addressed to Spirit Lake, Idaho, and one addressed to Rathdrum, Idaho. The notice sent to Spirit Lake was returned undelivered by the U.S. Postal Service. The notice sent to Rathdrum was returned to respondent. Handwritten across the first page of the returned notice were the words "This presentment Dishonored at UCC 1-207".

The notice of deficiency for 1993, 1994, and 1995 was sent to Davina Sego at the Rathdrum, Idaho, address. After two notices of certified mail were left in the taxpayers' Rathdrum mailbox on August 18, 1997, and August 25, 1997, the notice was returned to respondent by the U.S. Postal Service.

A U.S. Postal Service employee responsible for the postal route that includes taxpayers' address testified that she attempted delivery of certified mail to Davina Sego on August 18, 1997, and left a second notice of attempted delivery on August 25, 1997.

The Court held, in <u>Sego v. Commissioner</u>, <u>supra</u> at 610:

> Steven Sego received the statutory notice of deficiency in time to file a petition but repudiated that right by returning to respondent the statutory notice of deficiency with frivolous language on it. He did not

file a petition, and the express language of section 6330(c)(2)(B) precludes de novo review of his tax liability in this proceeding.

Davina Sego did not actually receive a statutory notice of deficiency. * * *

In Sego v. Commissioner, supra at 611, the Court also held:

The applicable legal principles with respect to Davina Sego are set forth in Erhard v. Commissioner, 87 F.3d 273 (9th Cir. 1996), affg. T.C. Memo. 1994-344, and Patmon & Young Professional Corp. v. Commissioner, 55 F.3d 216, 218 (6th Cir. 1995), affg. T.C. Memo. 1993-143, which held that taxpayers cannot defeat actual notice by deliberately refusing delivery of statutory notices of deficiency. Petitioners' conduct in this case constituted deliberate refusal of delivery and repudiation of their opportunity to contest the notices of deficiency in this Court, which provides the prepayment option for disputing tax liability. (They still have the option, however, of paying the tax and instituting suits for refund.) The provisions in section 6330(c)(2)(B) limiting in collection due process cases their right to contest the underlying tax liability are clearly intended to prevent the creation of a belated prepayment remedy in cases such as this one. The validity of the underlying tax liability is not properly before the Court.

The facts in the instant case are substantially similar to those pertaining to Davina Sego.

Based upon the foregoing and considering the colloquy between the Court and petitioner at the January 22, 2001, hearing on respondent's motion to dismiss, we find as a fact that petitioner refused delivery of the statutory notice of deficiency for 1995 mailed to him on April 29, 1998.

On March 13, 1999, approximately 1 year after respondent mailed to petitioner the notice of deficiency for the year 1995,

petitioner sent to the Internal Revenue Service an Amended U.S. Individual Income Tax Return for 1995.  The address listed on the amended return is 359 Greenway Drive, Pacifica, California 94044.

On October 13, 1999, respondent mailed to petitioner a Notice of Intent to Levy and Notice of Your Right to a Hearing, pursuant to sections 6330(a) and 6331(d)(2), pertaining to petitioner's 1995 Federal income tax liability.  At a time not specified in the record, petitioner requested a section 6330 hearing in this case, based upon the above-mentioned notice of intent to levy, dated October 13, 1999.

In a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, dated May 22, 2000, the Appeals Office of the Internal Revenue Service, San Jose, California, advised petitioner:

Summary of Determination

The taxpayer questions the validity of the tax assessment because he feels that his employer provided two different W-2's when there should have only been one.  However, there has been no evidence provided to show that his employer(s) made a mistake.  The two W-2's were for different amounts and were sent in by two different business entities with different employer identification numbers.  The taxpayer was provided an opportunity to file an administrative appeal of the tax adjustment but did not claim the Notice of Deficiency which was mailed certified to the correct address.  The Problem Resolution Office also reviewed this case and advised the taxpayer that he needed to secure a corrected W-2 if in fact there was a mistake made.  The taxpayer will not be provided with a reconsideration of the tax assessment by the Examination Division.

Petitioner filed an Amended Petition for lien or levy action under section 6320(c) or 6330(d) on September 19, 2000.

Discussion

Section 6330(c)(2)(B) provides:

(B) Underlying liability.--The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

We have previously found as a fact that petitioner refused delivery of the statutory notice of deficiency for 1995, mailed to him on April 29, 1998. Petitioner did not petition this Court from the April 29, 1998, notice. He is, therefore, by law, prohibited from challenging his 1995 Federal income tax liability in a section 6330 hearing or proceeding. See Sego v. Commissioner, supra. Because petitioner is prohibited from challenging his 1995 Federal income tax liability in such a hearing or proceeding, his underlying 1995 Federal income tax liability is not properly at issue in this case. Goza v. Commissioner, 114 T.C. 176 (2000).

Conclusion

Because petitioner is prohibited from challenging his underlying 1995 Federal income tax liability and penalty in this proceeding, and because petitioner raises no other justiciable

claim for relief in his petition, we hold that he has failed to state a claim upon which relief can be granted.

In view of the foregoing,

<u>An appropriate order and decision will be entered for respondent</u>.