T.C. Memo. 2002-209

UNITED STATES TAX COURT

MICHAEL T. & LEONE CAREY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9014-01L.                    Filed August 20, 2002.

Michael T. Carey, pro se.

<u>Jeremy L. McPherson</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, <u>Judge</u>:  Petitioners petitioned the Court under section
6330(d) to review respondent's determination as to a proposed
levy.  Respondent proposed the levy to collect Federal income tax
(including an accuracy-related penalty and interest) that he
determined petitioners owe for 1996.  Respondent issued a

duplicate notice of deficiency to each petitioner for 1996, and neither petitioner petitioned the Court with respect thereto.

We must decide whether respondent may proceed with the proposed levy. We hold he may. Section references are to the applicable versions of the Internal Revenue Code. Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Most facts were stipulated. We incorporate by this reference the parties' stipulations of fact and the accompanying exhibits. We find those facts accordingly. Petitioners resided in California when the petition commencing this proceeding was filed.

On August 4, 1997, respondent received petitioners' joint 1996 Federal income tax return. Petitioners reported on that return that their home address was 2205 Hilltop Drive #147, Redding, California 96002 (Hilltop address). The Hilltop address was a private mailbox at which petitioners sometimes received mail. Since 1996, petitioners have also used a mailing address at 1137 B Hartnell Avenue in Bella Vista, California (Hartnell address).

Respondent received petitioners' 1998 Federal income tax return on October 20, 1999, petitioners' amended 1998 Federal income tax return on February 4, 2000, and petitioners' 1999 Federal income tax return on October 12, 2000. Petitioners

reported on each of those returns that their mailing address was 3041 Lawrence Road, Redding, California 96002 (Lawrence address). Petitioners lived at the Lawrence address before 1996 with Ms. Carey's mother but did not live there in 1996 or in any subsequent year. In 1996, petitioners had converted the house at the Lawrence address into a care home for disabled adults. Mr. Carey was the administrator of the care home, which was named Sunshine Residential (Sunshine).

Respondent's revenue agent, Gil Akers, was assigned to audit petitioners' 1995 and 1996 taxable years. He started auditing those years together but subsequently bifurcated the audit into its separate years. As to 1996, respondent issued a duplicate notice of deficiency to each petitioner on June 2, 2000. The notice determined that petitioners were liable for a $442,993 deficiency in income tax and a $88,598.60 accuracy-related penalty under section 6662(a). The basis of that determination was respondent's disallowance of $455,224 in business deductions, his $648,443 increase in income stemming from four claimed trusts, and his $1,066 increase in interest income.[1] The claimed trusts were named Home Health Services (Home Health), Residential Management Services (Residential), Rancho Residential Program

---

[1] Respondent conceded in his brief that petitioners' understatement of interest income was $1,065 rather than $1,066. We consider this concession to be immaterial to our decision. Accordingly, we do not require a Rule 155 computation to reflect this concession.

(Rancho), and Sunshine.  In 1996, Mr. Carey had sole signatory authority on the bank accounts maintained for Home Health, Residential, Rancho, and Sunshine.

Respondent mailed the subject notices of deficiency to petitioners at the Lawrence address by way of certified mail. The United States Postal Service (USPS) attempted unsuccessfully to deliver the notices to that address on Monday, June 5, 2000, and Tuesday, June 13, 2000, and returned the notices to respondent on July 20, 2000.  The USPS noted on the certified envelopes that they were "unclaimed".  On October 30, 2000, respondent assessed the amount of the deficiency and accuracy-related penalty against petitioners.

On January 8, 2001, respondent mailed to petitioners as to 1996 a Letter 1058, Final Notice, Notice of Intent to Levy and Notice of Your Right to a Hearing.  Respondent mailed the letter to the Lawrence address.  One week later, respondent mailed to petitioners as to 1996 a related Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing under IRC 6320.  That letter was also mailed to the Lawrence address.

On or about January 16, 2001, petitioners responded to Letter 1058 by filing with the Commissioner a Form 12153, Request for a Collection Due Process Hearing.  Petitioners listed on this form that their address was the Lawrence address and stated that they planned to challenge the amount of the unpaid taxes which

respondent alleged were owed.  On or about February 20, 2001, petitioners responded to Letter 3172 by filing another Form 12153.  Petitioners listed in that form that their address was the Hartnell address.  Petitioners requested from respondent in both forms that he provide them with:  (1) A copy of the record of assessment, (2) a copy of any record of any proceeding as to the notice of assessment, and (3) a copy of any record of any proceeding or administrative act, upon which respondent had relied to determine that petitioners were liable taxpayers. Before the instant judicial proceeding was commenced, respondent did not provide petitioners with any of the requested information.  During this proceeding, respondent provided petitioners with the relevant Form 4340, Certificate of Assessments, Payments, and Other Specified Matter.

On May 22, 2001, the Internal Revenue Service Office of Appeals held the requisite hearing with Mr. Carey under sections 6320 and 6330.  During the hearing, Mr. Carey requested a copy of the notice of deficiency.  The Appeals officer did not give Mr. Carey a copy of the notice of deficiency and did not allow Mr. Carey to discuss either the notice of deficiency or the deficiency itself.

On June 8, 2001, respondent issued to petitioners a Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330.  Subsequently, in August 2001, petitioners

filed with the Commissioner a Form 8822, Change of Address, changing their address from the Lawrence address to the Hilltop address.

OPINION

In a proceeding commenced under section 6330(d), the Court applies a de novo standard to redetermine a taxpayer's underlying tax liability, when and if at issue, and an abuse of discretion standard to review certain other administrative determinations of the Commissioner. Sego v. Commissioner, 114 T.C. 604, 610 (2000). Section 6330(c)(2)(B) provides that a taxpayer's underlying tax liability may be at issue only if he or she "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability."

Here, petitioners argue that they did not receive a notice of deficiency for 1996 and that respondent never mailed a notice of deficiency to them for 1996 at their last known address. Petitioners allege that their last known address for purposes of the notice of deficiency at hand was the address of an enrolled agent named Tim Riley (Riley). Petitioners allege that they had filed with the Commissioner a writing designating Riley as their authorized representative to receive all of their correspondence from the Commissioner for 1995, 1996, and 1997.

We disagree with petitioners' arguments and are unpersuaded by their allegations. The record establishes that petitioners' last known address for purposes of the notice of deficiency was the Lawrence address. See United States v. Zolla, 724 F.2d 808, 810 (9th Cir. 1984) (taxpayer's last known address is the address that appears on the taxpayer's most recently filed Federal tax return, unless the Commissioner is given clear and concise notification of a different address); Abeles v. Commissioner, 91 T.C. 1019 (1988) (same); see also Lifter v. Commissioner, 59 T.C. 818, 821 (1973) ("taxpayer's last known address may be his office rather than his residence"). See generally sec. 301.6212-1(a), Proced. & Admin. Regs. (Commissioner adopts the rule of Zolla and Abeles, effective Jan. 29, 2001). Given our finding that petitioners' most recent Federal tax return before the issuance of the notice of deficiency listed their mailing address as the Lawrence address, we conclude that the Commissioner's mailing of the notice of deficiency to that address was appropriate.

As to petitioners' allegations as to Riley, we find them unsubstantiated. The record includes neither a copy of Form 2848, Power of Attorney and Declaration of Representative, designating Mr. Riley as petitioners' authorized representative for 1996, nor any other credible evidence establishing a clear and concise notification to the Commissioner that the Lawrence

address was not their mailing address for purposes of the notices of deficiency.[2]

In an attempt to establish that Riley was their authorized representative for purposes of receiving all of their correspondence from the Commissioner for 1996, petitioners rely upon a piece of evidence that includes an undated letter. In the letter, respondent acknowledges that Riley is an authorized representative for petitioners. The letter, however, does not indicate the year or years for which Riley is petitioners' authorized representative or the time that any such representation began. Nor does the letter indicate that Riley is petitioners' authorized representative for purposes of receiving all notices and other correspondence.

Nor have petitioners persuaded us that they should not be treated for purposes of section 6330 as receiving the notices of deficiency. Contrary to petitioners' suggestion, the mere fact that they never actually received a notice of deficiency for 1996 does not preclude the Court from concluding that the receipt requirement of section 6330 was met.

In Sego v. Commissioner, supra, we held that the petitioning wife was precluded from challenging her underlying tax liability

---

[2] Whereas petitioners did file a Form 8822 with respondent on or about August 2, 2001, changing their address from the Lawrence address to the Hilltop address, the notices of deficiency were mailed to them on June 2, 2000.

under section 6330 although she did not actually receive a notice of deficiency. On the basis of Erhard v. Commissioner, 87 F.3d 273 (9th Cir. 1996), affg. T.C. Memo. 1994-344, and Patmon & Young Profl. Corp. v. Commissioner, 55 F.3d 216, 218 (6th Cir. 1995), affg. T.C. Memo. 1993-143, we held that the conduct of the wife and her husband "constituted deliberate refusal of delivery and repudiation of their opportunity to contest the notices of deficiency in this Court". Sego v. Commissioner, supra at 611; accord Baxter v. Commissioner, T.C. Memo. 2001-300. We believe that the same principle applies here. Although Mr. Carey testified that he did not know that the Commissioner was attempting to deliver a notice of deficiency to him and his wife, the facts and circumstances of this case, coupled with our observation of Mr. Carey during his testimony, lead us to conclude that petitioners deliberately refused delivery of the notice. First, absent clear evidence to the contrary, employees of the USPS are presumed to properly discharge their official duties. United States v. Chem. Found., Inc., 272 U.S. 1, 14-15 (1926) ("The presumption of regularity supports the official acts of public officers and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties."). Petitioners have not rebutted this presumption as to the USPS's attempted delivery of the notices of deficiency. Second, the Lawrence address housed a small business

for which Mr. Carey was the administrator.  The USPS had attempted to deliver the notices of deficiency to that address on two separate business days, and Mr. Carey had received previous correspondence that the Commissioner had mailed to him at that address.[3]

Petitioners also argue that the proposed levy is invalid because the Commissioner failed to give them at the hearing the requested documents concerning the validity of the assessment. We disagree that any such failure by the Commissioner invalidates the proposed levy.  As we recently observed in Nestor v. Commissioner, 118 T.C. 162, 166 (2002):  "Section 6330(c)(1) does not require the Appeals officer to give the taxpayer a copy of the verification that the requirements of any applicable law or administrative procedure have been met."  Moreover, although petitioners did not receive the Form 4340 at the hearing, they did receive it contemporaneously with their trial in this Court and have not established in this proceeding any irregularity in the assessment procedure that would raise a question about the

_____

[3] Even if petitioners' underlying tax liability for 1996 was at issue, petitioners have failed to prove that respondent's determination of their income tax liability was in error.  In addition, respondent has introduced enough evidence to support his determination as to the accuracy-related penalty under sec. 6662(a), and petitioners have failed to disprove that determination.  See also Residential Mgmt. Servs. Trust v. Commissioner, T.C. Memo. 2001-297, wherein the Court held: (1) Income that petitioners reported and argued for 1995 was attributable to Residential was assignable to them, and (2) petitioners were liable for an accuracy-related penalty.

validity of the assessment.  We conclude, as we did in <u>Nestor v. Commissioner</u>, <u>supra</u> at 167, that petitioners have suffered no prejudice by their receipt of the Form 4340 after the hearing.

Accordingly, for the reasons stated above, we sustain the Commissioner's proposed levy.  We have considered all arguments made by petitioners, and those not discussed herein have been rejected as without merit.

<u>Decision will be entered</u>

<u>for respondent</u>.
